BOOTH *against* THE STATE OF CONNECTICUT :

#### IN ERROR.

*New-Haven,*
July,
1821.

Booth
*v.*
State.

| 4 | 65 |
| 62 | 118 |

Where a building erected originally for a meeting-house, and subsequently used for a joiner's shop, was extensively repaired, and converted into a dwelling-house; it was held, that such repairs and alterations did not constitute *the erection of a dwelling-house* within the statute to secure the city of *New-Haven* from damage by fire.

This was an information, brought to the county court, against *Booth,* charging him with having built and erected a dwelling-house in the city of *New-Haven,* in violation of the statute to secure that city from damage by fire.

More than fifty years ago, a building was erected and finished, and was subsequently used, for a meeting-house, on the ground stated in the information. It consisted of a wooden frame, about 40 feet in length, 20 in width, and two stories high, clapboarded on the outside, and lathed and plastered on the inside ; and had in it a chimney with one fire-place. Between twenty and thirty years ago, it ceased to be used for a meeting-house ; and a poor family took shelter in it, for some time. For ten or fifteen years past, it has been used as a joiner's shop. At the time mentioned in the information, it had become shattered, and was in a ruinous condition. It being then owned by the defendant, he, with a view of making a dwelling-house of it, raised it up, about 18 inches, dug a cellar under it, and under-pinned it, taking out a part of the sills, and replacing them with new timbers. He also took off the old clapboards and shingles, and took out the old window frames, sashes and glass, and replaced them with new materials ; put up a chimney, with four fire-places and an oven, in the centre of the building ; made a cellar-kitchen under ground ; placed timbers and joists for chamber floors, and made new floors thereon ; divided the building into four rooms, and placed joists therein for that purpose ; and having taken off the old lathing and plastering, lathed and plastered all the rooms anew, and completely finished the building for a dwelling-house. He shortly afterwards put a family into it ; and it has ever since been occupied as a boarding-house.

On these facts, the attorney for the state claimed, that the defendant ought to be found guilty of the offence charged. The defendant resisted this claim. The court instructed

the jury as follows : " If you find, that at the time the defend- ant dug the cellar, raised up the building, and made all the improvements described, such building was a dwelling-house, the court are of opinion, that he had a right to make the repairs ; and in that case, you will find the defendant not guilty : But unless you find it as a fact that such building was a dwelling-house, at the time the repairs were made, the court are of opinion, that the defendant has erected a wooden dwelling-house contrary to the statute in such case provided, and you will find a verdict against him that he is guilty." A verdict being given against the defendant, he filed a bill of exceptions to the direction ; and thereupon brought a writ of error in the superior court ; which was reserved for the advice of all the Judges.

*J. Beach,* for the plaintiff in error, after adverting to the rule of law, requiring a strict construction of penal statutes, contended, That the defendant had not erected a dwelling- house, within the prohibition of the statute. The erection of a dwelling-house imports the putting together of all the materials composing the building, of which a *frame* is an essential part. To make repairs and alterations in a building already erected, is a different thing from erecting a building. In this case, nothing more was done than to fit up a joiner's shop,—a building erected fifty years before,—for the accom- modation of a family. The quantity of labour bestowed in making the alterations, cannot affect the principle.

*N. Smith* and *Ingersoll,* contra, insisted, That to make a dwelling-house of that which was not a dwelling-house be- fore—whether the materials were entirely new, or partly new and partly old—was *to erect a dwelling-house,* in the ordinary meaning of the expression. If it be necessary to constitute an erection, that the materials should be *raised,* that was literally done in this case. The only difference between the erection of this dwelling-house and the erection of any other, consists in the defendant's having made use of the frame— though not the entire frame—of an old meeting-house or joiner's shop. If this exempts the case from the operation of the statute, then the statute allows a man to erect as many wooden dwelling-houses as he pleases, provided he works in- to each the greater part of the frame of some shop, barn, or other building, previously erected. Did the legislature go

upon the ground, that *old* wooden materials are safer than new ? If this construction is the true one, then an act made " to *secure* the city from damage by fire," while it prohibits the erection of wooden houses from which there is the least danger, allows—nay, indirectly encourages—the fabrication of buildings of all others the most dangerous. No rule of construction requires such a manifest perversion of the intention, and entire defeat of the object, of the legislature.

*New-Haven, July, 1821.*

Booth *v.* State.

HOSMER, Ch. J. The building, which is the subject of this suit, was erected fifty years ago ; and occupied as a meeting-house. More than twenty years since, it was dwelt in, by a poor family ; and for ten or fifteen years past, was used as a joiner's shop, until it underwent very extensive repairs, and was converted into a dwelling-house. The court below instructed the jury, if at the time *Booth* built the cellar, raised up the building, and made all the improvements described, the building was a dwelling-house, the repairs were rightly made ; but if it was not, that he had erected a wooden dwelling-house, contrary to the statute. In my opinion, the charge was unquestionably erroneous. The statute exclusively prohibits the *erection* of wooden dwelling-houses, or of additions to them or other buildings, of the same materials, in which there is placed a chimney, fire-place, or stove. The law being penal, must receive a strict construction ; (*Daggett* v. *State of Connecticut*, ante 60.) and the point or determination is merely this ; Whether the facts in this case shew, that a wooden building has been *erected*. That a former building was extensively *repaired*, and *converted* to a new use, is not disputed ; but, whether regard be had to etymology, or the popular meaning of language, no dwelling-house was *built* or *erected*, and of consequence, no law has been contravened.

The other Judges were of the same opinion, except BRAINARD, J., who was absent.

Judgment to be reversed.