Tuttle
*v.*
State.

TUTTLE *against* THE STATE OF CONNECTICUT:

### IN ERROR.

Where a building was removed and extensively repaired, to which an addition was made, of the same width, height and slope of roof; it was held, that these acts did not constitute the *erection of a building* within the statute to secure the city of *New-Haven* from damage by fire.

But where an addition to a building was constructed, by erecting a wooden frame, and then placing a wall of brick and mortar, four inches thick, around the frame, on the outside of it, with piers and layings of brick and mortar, by which the wall was strengthened, and the roof supported; it was held, that such wooden frame constituted a part of the outer wall, and the addition so made was within the letter and the spirit of the statute.

This was an information, brought to the county court, against *Tuttle*, for a violation of the statute to secure the city of *New-Haven* from damage by fire. There were two counts. The first charged the defendant with having erected a *building*, and the second with having erected an *addition* to a building already erected, each having therein a chimney, fireplace and stove; which building and addition were, in the outer walls thereof, composed entirely of wooden materials.

The defendant had removed from *High-street*, which is within the limits specified in the statute, a wooden building, 26 feet long, and 15 feet wide, which had been previously used as a joiner's shop, not having in it a chimney, fire-place or stove, and placed it on the ground described in the information. There he under-pinned it, with stone and mortar; covered it anew on two sides; repaired the roof; and finished the inside entirely anew, making new floors, putting on new plastering and paper, and putting in new windows and shutters. In the rear of this building, and connected with it, he made a room 15 feet by 14; placed a roof on it; and put up a gable end of brick and mortar. The new part was of the same height, and had the same slope of roof as the building removed; and was constructed, by erecting a light frame of wood, and then building a wall of brick and mortar, four inches thick, around such frame, on the three outer walls, with piers of brick and mortar, eight inches thick, strengthening the wall, and, together with the frame, supporting the roof; and also, by inlaying brick in the studs and braces of the frame. In such new part was placed a stove, and a stovepipe was conducted into a flue in one of the walls. One of the

outer walls of the old building formed the partition-wall be- <span style="float:right">*New-Haven,*<br>July,<br>1821.</span>
tween the new part and such building.

<span style="float:right">Tuttle<br>*v.*<br>State.</span>

On these facts, the court directed the jury to find a verdict against the defendant; which was accordingly done. The defendant thereupon filed a bill of exceptions, and brought a writ of error in the superior court; which was reserved for the advice of all the Judges.

*Staples* and *Hitchcock*, for the plaintiff in error, contended, 1. That an *entire building* had not been erected within the prohibition of the statute. It is to be kept in mind, that the statute contemplates the *making of an addition* to a building, as an entirely distinct thing from the *erection of a building*. Here was plainly nothing more than the removal of a building already erected, and the erection of an addition to that building. The *repairs* may be laid out of the question; for whether this building was old or new could make no difference, as it did not contain a chimney, fire-place or stove. Its four walls remained entire : the new part was *added* to it, not made a part of it.

2. That the *addition* was not built contrary to the statute; the outer walls being composed of brick and mortar. The term *outer wall* is evidently used in contradistinction to the wall on the *inside :* it means the wall constituting the *outside* of the building. Now, this wall had no material in its composition but brick and mortar. Within this wall, and connected with it, there was, indeed, a wooden frame, which, with some brick piers, and layings of bricks in the studs and braces, helped to support the roof ; but this the statute does not prohibit. There was no outer wall, and there could be none, on the side adjoining the old building.

*N. Smith* and *Ingersoll*, for the state, contended, 1. That the building specified in the information was an *entire building*, consisting of two parts ; in which entire building there was a stove.

2. That this building was *erected*, by the original defendant.

3. That if the addition be considered as distinct from the building, the outer walls of it were not composed wholly of brick and mortar. On one side, the outer wall was entirely composed of wooden materials ; and on the other three sides, the wooden frame was *a constituent part* of the outer walls.

The case is within both the letter and the spirit of the prohibition.

HOSMER, Ch. J.    There has been no violation of the statute, on which the prosecution is founded, unless in relation to the walls of the new building.

The information alleges, that the outer walls of the building in question, were composed of wood and wooden materials. It appears, that the new building was constructed, by erecting a light frame of wood, and then placing a wall of brick and mortar, four inches thick, around the frame, on the outside of it, with piers of brick and mortar strengthening the wall ; and also, by inlaying brick, in the studs and braces of the frame.

The frame is part of the outer wall, and with the brick work, constitutes a joint support of the roof.    The brick and wood are so indivisibly conjoined, as to form the outer wall ; and the case is embraced by the letter of the statute.

In behalf of the defendant it cannot be said, that it is not within the reason and spirit of the law.    The object aimed at, was security from fire.    In the event of a conflagration, burning buildings nearly contiguous or in actual contact, the timbers forming part of a thin wall would take fire, from the heated brick and stone, and in this way, the salutary design of the law would be defeated.

PETERS, J. was of the same opinion.

CHAPMAN and BRISTOL, Js. were inclined to think, that the facts disclosed warranted a conviction on the count charging the defendant with having *erected a building* contrary to the statute.    On the other point, they concurred with the Chief Justice.

BRAINARD, J. gave no opinion, not having heard the case argued.

Judgment to be affirmed.