THE STATE, ROCCO DELIONE, PROSECUTOR, v. THE LONG BRANCH COMMISSIONERS.

1. If a building be so changed in plan, in structure, in dimensions and in general appearance, that it might, according to the common understanding of men, in common parlance, be called a new building, then it may be deemed a violation of an ordinance forbidding " the erection of a building" upon its site.
2. The erection of a new kitchen as an addition to an old dwelling may be deemed a violation of such an ordinance.

---

· On *certiorari*, removing a judgment of the Police Court of Long Branch, convicting the prosecutor of the violation of an ordinance, which forbade the erection of wooden buildings upon Broadway between Rockwell avenue and the sea.

Argued at June Term, 1892, before Justices DIXON and WERTS.

For the prosecutor, *Wilbur A. Heisley.*

For the defendant, *Aaron E. Johnson* and *C. Ewing Patterson.*

The opinion of the court was delivered by

DIXON, J.   The only question raised by the reasons for reversal filed in this case is, whether the evidence before the police justice warranted his conclusion that what had been done by the plaintiff in *certiorari* amounted to " the erection of a building."

He owned a frame building, one story and an attic in height, fourteen feet front on Broadway and twenty-four feet deep,

standing on wooden piers. This he changed, by moving it back a little, by taking out the front and putting in a new one, by extending the lower story about seven feet laterally along Broadway, by substituting a full second story for the attic, making the roof three or four feet higher than before and extending the second story about ten feet laterally along Broadway, so that it projected about three feet beyond the lower story. Afterwards, by a separate contract, he built a one-story kitchen, ten by twelve feet, in the rear.

The principle to be applied in determining whether work of this character constitutes the erection of a building, is not easily formulated. In *Combs* v. *Lippincott*, 6 *Vroom* 483, Mr. Justice Woodhull said: "While it must be admitted that a building may be greatly changed in structure, in the materials which enter into it, and in its internal arrangements, without at all losing its indentity, or ceasing to be the same building, it can hardly be denied, I think, that it may be so entirely changed in plan, in structure, in dimensions, and in general appearance, as to become, in a fair sense and according to the common understanding of men, another building, a new building."

The same idea, of making the common understanding the test for distinguishing between the mere reparation of an old building and the construction of a new building out of an old one, seems to be adopted in Pennsylvania, where the subject has received frequent examination. Thus, in *Armstrong* v. *Ware*, 20 *Pa. St.* 519, it was said that where the structure of a building is so completely changed that, in common parlance, it may be properly called a new building or a rebuilding, it comes within the lien law, as a " building erected ; " and this form of expression was quoted with approval in the recent case of *Hancock's Appeal*, 115 *Pa. St.* 1. The subject is, perhaps, incapable of being defined more precisely, and at the same time practically.

Applying this rule to the circumstances of the present case, I think the judgment of the police justice may be justified with reference to the main building. Considering the change

in position, the new front, the increased width, the greater elevation, the different internal arrangements necessitated thereby, and the great alteration in outward appearance resulting therefrom, the structure might, according to common understanding, in common parlance, be called a new building.

· But there is another fact to be borne in mind. The kitchen in the rear was entirely new, and was a new building unless its being intended as an adjunct to the main building deprived it of that character. But it is not necessary that the new building should be distinct from and independent of the older building, in order to be deemed "a building erected." Thus, wings added to a house are regarded as buildings. *Nelson* v. *Campbell*, 28 *Pa. St.* 156; *Harman* v. *Cummings*, 43 *Id.* 322. So, also, are kitchens attached to dwellings. *Lightfoot* v. *Krug*, 35 *Id.* 348; *Pretz & Gausler's Appeal*, 35 *Id.* 349.

Our conclusion is, that the plaintiff had violated the ordinance, and his conviction, must, therefore, be affirmed, with costs.