## ·THE CITY OF MAYVILLE v. C. A. ROSING.

Opinion filed November 6, 1909.

### Municipal Corporations — Fire Limit Ordinances.

1. A city ordinance, enacting that it shall be unlawful to construct any wooden building within the fire limits of the city, is not violated by a repairing or remodeling of a wooden building, unless it is done to the extent of substantially erecting a "new building," as that word is commonly understood.

### Same — Ordinances — Construction of Terms.

2. . Before an ordinance declaring it unlawful to construct any wooden building within the established fire limits of the city is violated, the act must be brought within the terms of the ordinance, or synonymous terms, or terms included within the terms of the ordinance.

3. If the terms of such an ordinance be liberally construed, there can be no conviction thereunder based solely on the fact that the acts are within the spirit or purpose of the ordinance.

4. Facts stated in the opinion *held* not to show a violation of an ordinance declaring it unlawful to construct a wooden building within the fire limits of the city.

Appeal from District Court, Traill County; *Pollock,* Judge.

Action by the City of Mayville against C. A. Rosing. Judgment for plaintiff, and defendant appeals. Reversed and action dismissed.

*Engerud, Holt & Frame,* for Appellant..

To constitute a new building there must be a substantial addition of material parts. Miller v. Hershey, 59 Pa. St. 64; Driesbach v. Kellar, 2 Barr. 79; Landis' Appeal, 10 Barr. 379; Armstrong v. Ware, 20 Pa. St. 519, 8 Harris, 519; Combs v. Lippincott, 35 N. J. L. 481; City Council v. L. & N. R. Co. (Ala.), 4 So. 626; Booth v. State, 4 Conn. 65; Tuttle v. State, 4 Conn. 68; Kaufmann v. Stein, 37 N. E. 333; 13 Am. & Eng. Encycl. of Law (2d Ed.) at page 398.

Penal Statute and ordinance cannot be extended by construction beyond the letter of the act. 13 Am. & Eng. Encycl of Law, page 398; 2 Abb. Mun. Corp., Sec. 566; Daggett v. State, 4 Conn. 60; U. S. v. Booker, 98 Fed. 291; Folson v. Kilbourne et al., 5 N. D. 402, 67 N. W. 291.

*F. W. Ames,* for Respondent.

A new building need not be distinct from, nor independent of an old one, to be deemed a building erected. 3 Words & Phrases,

2452; Nelson v. Campbell, 28 Pa. 156; Harmon v. Cummings, 43 Pa. (7 Wright) 332; Deleone v. Long Branch, etc., 25 Atl. 274, 55 N. J. L. 108; 3 Words & Phrases, 2452; Dreerbach v. Keller, 2 Pa. 77, 79; 3 Words & Phrases, 2452.

Material alteration and enlargement is building within the meaning of the ordinance. People v. Marley, 2 Wheeler's Crim. Cases 74; Douglass v. Commonwealth, 2 Rawl's Rep. 262; Carroll v. Lynchburg, 6 S. E. 133; People v. Sweetser, 1 Dak. 308, 46 N. W. 452.

The intention of the legislature must govern in penal as in other statutes, and the obvious legislative will is not to be defeated by construction. U. S. v. Williams, 119 Fed. 310; In Re Coy, 31 Fed. 794; Case, Bell Crown Cas. 45; Daniels v. State, 50 N. E. 74.

If a case comes within the spirit and reasonable interpretation of the letter it is sufficient. State v. Goodwin, 82 N. E. 459; State v. Kiley, 76 N. E. 184; Johnson v. So. Pac. Co., 25 Sup. Ct. Rep. 158, 49 L. Ed. 363; State v. Roby, 142 Ind. 168, 41 N. E. 145; 33 L. R. A. 213, 51 Am. St. Rep. 174; Conrad v. State, 75 Ohio St, 52, 78 N. E. 957, 6 L. R. A. 1154.

MORGAN, C. J. The defendant was convicted of violating a city ordinance declaring it unlawful for any person "to construct any wooden building within such limits" (fire limits), and further declaring that "all buildings hereafter erected therein shall be built of brick, stone or other fireproof material," and has appealed from a judgment against him imposing a fine of $100 for a violation of such ordinance and costs, and said judgment further provided that the defendant should be imprisoned until such fine was paid, as provided by statute in cases of nonpayment of fines. Before the enactment of this ordinance, the defendant built a one-story wooden building with a sky-light raised at one end thereof higher than the other parts of the roof. The building, as thus erected, was about 42 feet in length, and 24 feet 8 inches in width, and about ten feet in height at the highest part outside of the skylight part, which was about 17 feet high at its highest point. The sides of this building were not of equal height, and the roof was, in consequence of this fact, slanting. After the ordinance was passed, defendant made changes in the building as follows: The roof, with the skylight, was removed, and the building raised in height, except at the front. On the rear 16 feet of the upper part of the building was an addition

with a peaked roof. This addition is 16 feet long, and the height is about 17 feet to the peak of the roof from the ground and about 12 feet to the base of the roof. By this change one side of the building was made about 3½ feet higher than before, and the other was made about 7½ feet higher. As stated before, the height of the original building was irregular, and it was made of the same height by the change. The peaked roof part at the rear of the roof of the building was divided into four rooms for sleeping room purposes. The front was not changed as to height or appearance. The only change in the appearance of the sides was that made by reason of the increased height.

The sole question presented on the appeal is whether the acts of the defendant in thus changing the character of the building were within the prohibition of the ordinance against the construction of wooden buildings, as it is conceded that the material used in the building was not fireproof. The ordinance is penal in its character, and a violation of its terms is followed by a fine of $100 and costs, and, if the fine is not paid, the offender may be imprisoned under the provisions of section 10104, Revised Codes 1905. The city contends for a liberal construction of the provisions of the ordinance. Defendant contends for a strict construction thereof, in view of its penal character. We do not think it material whether sections 10313 and 8538, Revised Codes 1905, calling for a liberal construction of the provisions of the Penal Code and Code of Criminal Procedure, or whether the rule of common law, calling for a strict construction of penal statutes and actions for a penalty, shall govern. The result must be the same in this case.

Conceding that the provisions of the ordinance are to be liberally construed, we do not think that the judgment of the district court should stand, in view of other provisions of the code. This rule of liberal construction does not do away with the fact that the defendant must be shown to have violated the ordinance. The Code authorizes the city to enact ordinances of this kind and to provide penalties for violation thereof; but such acts are not subject to such penalty until ordinances are enacted pursuant to such statutory authority and the terms thereof have been violated. It is elementary that the terms of the ordinance must be such as to include the defendant's acts before the penalty can be rightfully imposed upon him. This is so whether the proceeding under which it is imposed be deemed civil or criminal in its char-

acter. The ordinance forbids the construction of wooden buildings. Is repairing or remodeling or enlarging a building always to be regarded, under this ordinance, the same as building it in the first instance? Clearly not, or the most insignficant change in a structure would subject one to a penalty. On the other hand, if four or five stories be added to a one-story building, will that always be deemed simply repairing, or enlarging within the ordinance? Clearly not. It is difficult, however, to state what facts, so far as changes in buildings are concerned, will constitute a violation of this ordinance. No fixed rule can be laid down stating what is to be deemed a "new building" or a "repairing." There are no definite rules laid down in the precedents or cases on this point. The nearest that has been found is in State v. Long Branch Commissioners, 55 N. J. Law 108, 25 Atl. 274, a case based on a city ordinance similar to the one under consideration. In that case the court approved the rule laid down in Armstrong v. Ware, 20 Pa. 519, a mechanic's lien case. In the New Jersey case this language was approved, from Combs v. Lippincott, 35 N. J. Law 483: "While it must be admitted that a building may be greatly changed in structure, in the materials which enter into it, and in its internal arrangements, without at all losing its identity or ceasing to be the same building, it can hardly be denied, I think, that it may be so entirely changed in plan, in structure, in dimensions, and in general appearance as to become, in a fair sense and according to the common understanding of men, another building, a new building." In addition to this, the court said, in State v. Long Branch Commissioners, supra: "Applying this rule to the circumstances of the present case, I think the judgment of the police justice may be justified with reference to the main building. Considering the change in the position, the new front, the increased width, the greater elevation, the different internal arrangements necessitated thereby, and the great alteration in outward appearance resulting therefrom, the structure might, according to common understanding, in common parlance, be called 'a new building.' " Under the facts of that case, the changes in the building were much greater than in this case, and were as follows: The building was originally one story and an attic in height, 14 feet in width on the street and 24 feet deep. This was changed by moving the building back a little, by taking out the front and putting in a new one, by extending the lower story seven feet laterally along the street and

putting on a full second story, in place of the attic, making the roof three or four feet higher than before and extending the second story about ten feet laterally along the street and projecting about three feet beyond the lower story.

In Landis' Appeal, 10 Pa. 379, the court said that: "In the common understanding and language of the people, when we speak of the erection or construction of a house or building, we mean the erection of a new house or building, and not the repairing of an old one." In Armstrong v. Ware, supra, the court said: "When the structure of a building is so completely changed that in common parlance it may be properly called a new building, or a rebuilding, it comes within the law." In Douglass v. Commonwealth, 2 Rawle (Pa) 262, the court laid down this test, and said: "It is idle to answer on the blacksmith's shop, for that is no longer existing, but has been enlarged and altered and converted, in the words of the special verdict, into a cabinet warehouse and shop, and forms within the purview of the ordinance a new wooden building, erected on a lot or piece of ground within the limits of this city." In City Council v. L. & N. R. Co., 84 Ala. 127, 4 South. 626, the court said, in reference to a violation of an ordinance like the one in suit, where an addition at the end of the railway company's depot, 30 by 42 feet and 24 feet high was erected: "Without undertaking therefore to determine whether the structure in question is a wooden structure, we are satisfied that the extension or enlargement of the complainant's brick depot building in the manner described does not fall within the prohibition of the ordinance. * * * What we decide is that the ordinance of the city which has been enacted on this subject does not meet the case in hand." In Tuttle v. State, 4 Conn. 68, the court said: "Where a building was removed and extensively repaired, to which an addition was made of the same width, height and slope of roof, it was held that these acts did not constitute the erection of a building within the ordinance to secure the city of New Haven from damage by fire." In Booth v. State, 4 Conn. 65, the court said: "That the former building was extensively repaired and converted to a new use is not disputed; but whether regard be had to etymology, or the popular meaning of language, no dwelling house was built or erected, and of consequence, no law has been contravened." In A. & E. Enc. of Law, (2d Ed.) p. 398, the rule is laid down as follows: "If a building be so changed in plan, structure, dimensions and general appearance

that it might, according to the common understanding of men, be called, in common parlance, a new building, then it may be deemed a violation of an ordinance forbidding the erection of wooden buildings within the fire limits."

We do not think that this ordinance should be deemed to have been violated if the facts show only a violation of its spirit, intent or the purpose of its enactment—to lessen loss by fire. It is true that, by the changes in this building, more combustible materials were added to it than there were in it originally; but that fact should not be the sole test. Its provisions or terms must be violated also, and, before the penalty can rightfully be imposed, the facts must be brought within the terms of the ordinance, or within terms included within the terms of the ordinance or of synonymous meaning. If the facts constitute a rebuilding of the old structure, then the ordinance is violated; but a repairing or remodeling, without clearly or substantially changing the character or appearance of the structure, is not a violation of the ordinance. The words "repairing" and "remodeling" are not synonymous or included within the meaning of the word "building." This construction is in harmony with our statutes, which declare that words in statutes are to be understood in their ordinary sense, and words in informations are to be construed according to their usual acceptation in common language. Sections 6691 and 9854, Rev. Codes of 1905. It is not enough that, through a strained construction of the words of the ordinance, a violation of its terms can be predicated. If a liberal construction be the rule, the intendments alone are not sufficient to warrant a conviction. The language must sustain a conviction, and, if it does not, no conviction can follow, however glaringly the spirit of the enactment may be violated. The terms of the statute cannot be extended unreasonably, even under liberal construction. Sutherland, Stat. Con. (2d Ed.) § 590. On this point the following rule seems to state the rule correctly: "A distinction must be drawn between the rules applied when considering whether an ordinance as enacted falls within the terms of the power or not, and those applied in determining whether a certain act complained of falls within the prohibition of an ordinance; the rules in the former case being much more lenient than in the latter. * * * The act complained of does not constitute an offense unless it falls plainly within the meaning of the words used by the legislative body in framing the ordinance. Unless some peculiarity of the subject-matter indicates

otherwise, the words used must be taken in their ordinary accepted meaning; but the rule of strict interpretation is not violated by permitting the words of the ordinance to have their full meaning, or the more extended of two meanings, nor by giving a reasonable meaning to the words according to the intent of the lawmaking body, disregarding captious objections and even the demands of an exact grammatical propriety." Orr & Bemis, on Municipal Police Ordinances, § 193.

It seems clear to us that what was done in changing this structure cannot be said to be the building of a new building or structure as commonly accepted, although raised in height, as stated, and changed by substituting a peaked roof for the skylight. See, also, Miller v. Hershey, 59 Pa. 64, and Driesbach v. Keller, 2 Pa. 79. There are decisions that are contrary to our conclusions in this case; but these cases are in the minority, and, what is more important, are not sustained by the better reason, in our judgment. They place too much reliance on the spirit of such ordinance, without limiting liability thereunder to a reasonable construction of the language of the ordinance as it should be and is commonly understood.

The judgment is reversed, and the action dismissed. All concur.
123 N. W. 393.