## COMMERCIAL CLUB OF ST. JAMES v. CHICAGO, ST. PAUL, MINNEAPOLIS & OMAHA RAILWAY COMPANY.[1]

April 4, 1919.

No. 21,145.

**Municipal corporation — ordinance valid — order of railroad commission valid.**

The State Railroad and Warehouse Commission ordered defendant to erect a new depot at St. James. Defendant offered to alter and improve the old depot, a wooden structure located within the fire limits. It it *held*:

(1) The section in the ordinance establishing the fire limits providing that no wooden building within the limits could be raised, repaired or enlarged, should be construed as not prohibiting the ordinary upkeep repairs, but as directed against changes or alterations that to a substantial extent rebuild the structure. So construed the ordinance is valid and forbade the making of the alterations proposed by defendant.

(2) Aside from the question of the validity and applicability of the ordinance, the commission properly could take into consideration the impropriety of perpetuating a fire hazard in the business center of the city, and the desirability of a change in the location of the depot so as to make a street crossing more safe.

(3) There is no conflict between the provision referred to in the ordinance and sections 4390 and 4393, G. S. 1913.

(4) The order of the commission does not violate any provision of the state or Federal Constitutions, nor does it come within the operation of the Act of Congress of March 21, 1918.

After a hearing upon the complaint of the Commercial Club of St. James, the Railroad and Warehouse Commission on July 7, 1916, ordered defendant railway company to provide at the station of St. James, in Watonwan county, a passenger depot as specified and that the building comply with the fire ordinance of the city of St. James. From that order the railway company appealed to the district court for Watonwan county where the appeal was heard by Comstock, J., who affirmed the order of the commission. From the order affirming the order of the commission, defendant appealed. Affirmed.

[1]Reported in 171 N. W. 312.

*Moore, Oppenheimer & Peterson* and *Richard L. Kennedy,* for appellant.

*Clifford L. Hilton,* Attorney General, *Henry C. Flannery,* Assistant Attorney General, and *Edward C. Farmer,* for respondent.

HOLT, J.

This is an appeal from a decree affirming an order of the State Railroad and Warehouse Commission, directing the appellant railway company to erect a new railroad and passenger depot at St. James, Minnesota.

The present depot was built nearly 40 years ago when St. James was a village containing a few hundred people and the surrounding country was sparsely settled. The buildings, including the business center, were then of cheap frame construction, and, of course, no fire limits existed. St. James is now a city of some 3,000 inhabitants. Its business section consists largely of brick and stone structures, and an ordinance has been duly adopted prescribing the limits of a district wherein the erection of wooden buildings is prohibited or alterations thereof restricted. Appellant's depot is within this district, and would so be even if moved as at one time contemplated by it. The depot rests on posts, no foundation of stone, brick or concrete was ever constructed under it. It is without toilet facilities, is heated with stoves, and is confessedly inadequate decently to accommodate the public having business with appellant at St. James. Appellant did not controvert the necessity for better accommodations by way of depot, but proposed placing a stone or concrete foundation under it, altering the inside partitions so as to give adequate waiting and office room, installing toilet facilities, and providing a suitable heating plant in a basement to be constructed. These alterations and improvements would cost from $7,000 to $9,000. A new building to comply with the order would cost about twice the amount required to make the proposed improvements in the present depot. It was also made to appear that, in the opinion of defendant's general manager and chief engineer, it would conduce to greater safety in the use of the railway crossing at one of the main streets of the city if the location of the depot was some 70 or 80 feet northerly of the present site. And the first proposal of defendant included, as part of the improvement, the moving of the present building. But when it was found that unquestionably the

ordinance forbade relocating a building of this sort within the fire limits, the offer was restricted to alterations of the depot where it now stands.

The facts here are so similar to those present in the case of State v. Great Northern Ry. Co. 135 Minn. 19, 159 N. W. 1089, where the order of the State Railroad and Warehouse Commission directing the erection of a new depot at Ada, Minnesota, was sustained, that there is no occasion to restate the legal principles there announced and which must control this appeal. There the old depot was also within the fire limits, and the railway company there as here proposed to make alterations in the existing structure.

But with much earnestness it is contended that the commission as well as the court below acted under a mistake of law or a wrong conception of a section of the ordinance mentioned which provides that: "No wooden building, or part of any wooden building, within the fire limits as they now exist, shall be raised, repaired or enlarged," etc. Then follow provisions that fire damaged wooden buildings are not to be repaired or enlarged, or rebuilt unless damaged less than 50 per cent of their value. When the language of an enactment of a legislative body is open to different constructions only one of which results in holding it invalid, that one construction must be rejected. Taking the section as a whole we think the ordinance may properly be construed as permitting the ordinary repairs such as reshingling, replacing a board as it becomes decayed, painting and general upkeep of wooden buildings within the fire limits, but prohibiting enlarging such structures by either extending or raising them or by making changes which are not properly repairs. The spirit and meaning of the section may be derived from the clauses therein restricting repairs when these are called for by fire damage to cases where the injury to the structure was less than 50 per cent. There is no proof here as to the value of the depot in its present condition, but it is safe to say that the proposed remodelling calls for an expenditure greatly exceeding the present worth of the structure, so that the proposition is rather one of rebuilding or enlarging than of repair. We are not convinced that the ordinance is invalid insofar as it may be said to prohibit the inprovements demanded if the old depot is to be made at all serviceable.

Again, the contention is not very persuasive that either the commis-

sion's order or the trial court's affirmance was placed upon, or influenced by the validity or applicability of the ordinance provision mentioned. There can be no doubt that the ordinance, insofar as it creates fire limits and prohibits the erection of wooden buildings therein, or moving such buildings into or from one place to another within the limits, is valid. And, as an administrative body, that commission could properly give weight to the fact that the depot was within the fire limits and that its existence as a fire menace to the business center of the city should not be perpetuated by such extensive alterations as were contemplated, and which are in no sense ordinary upkeep repairs. The commission, with entire propriety, could also consider the fact, voluntarily brought out by the railway company's officers, that the present location of the depot obstructs the view of approaching trains so as to render a crossing on a much traveled street dangerous. It is true, the order does not require the relocation of the depot, and it is not necessary to determine the commission's authority in the premises, but nevertheless we think it a matter worthy of attention in determining whether a new depot should be built, or the defendant should be permitted to remodel, in its present location, the old. If a new one is built it is to be assumed that it will be so located that known hazards will be eliminated.

The argument is advanced that since the statutes (sections 4390 and 4393, G. S. 1913), require waiting rooms of adequate size and the installation of sanitary toilets, the alterations proposed by appellant were authorized despite the ordinance. We do not believe that the installation of toilets, or even a minor change in the interior of the building, would be a violation of the ordinance. But we are impressed that the remodelling required in order to make this depot serve its purpose amounted virtually to a rebuilding thereof.

We think there is no merit to the contention that the order deprives the railway company of its property without due process of law, particularly in that no compensation is provided for the value of the present building above the salvage. The law places the duty upon railway companies to furnish adequate depots for public accommodation at its stations, and directed the State Railroad and Warehouse Commission as an administrative agent to see that this duty is complied with. If a loss results to the railroad on account of being compelled to convert an

unsuitable old depot building into lumber, it is a loss occasioned by the due operation of the police power of the state for which no compensation may be demanded.

Under General Order No. 58 of the Director General of Railroads, dated February 20, 1919, it is plain that the Act of Congress of March 21, 1918, has no bearing upon the present controversy.

Several findings, involving matters of an evidentiary character, and other than the relocation of the depot so as to better safeguard a crossing and the validity and bearing of the provision of the fire ordinance referred to, are challenged as not sustained by the evidence, as for instance the cost of erecting a new depot. The findings challenged do not seem to us to impugn the ultimate conclusion that the order of the commission "is authorized by law and wholly reasonable."

The decree is affirmed.