RICHARD W. JULIUS AND OTHERS v. WILLIAM LENZ AND OTHERS.[1]

April 22, 1943.

No. 33,424.

[1]Reported in 9 N. W. (2d) 255.

■■■■■■■■

*Lauerman & Pfeiffer,* for appellants.
*Gage & Rheinberger,* for respondents.

HENRY M. GALLAGHER, CHIEF JUSTICE.

This is an action to have ordinance No. 10 of the village of Fairfax declared illegal and to enjoin the village officials from enforcing it. The ordinance is entitled "An Ordinance to establish a fire limit within which wooden and other combustible buildings shall not be erected in the Village of Fairfax, Minnesota." Section 1 describes the territory which comprises the "fire limit" of the village. Section 2 makes it unlawful for any person, copartnership or corporation "to build, erect or construct or cause to be built, erected or constructed any wooden or other combustible building" within the limit described. Section 3 reads:

"Any person, co-partnership or corporation desiring to build, erect or construct any building or desiring to repair any building already built or to move any wooden building already built on other property other than within said fire limit, within the limits described in Section one (1), of this ordinance, shall make application in writing to the village Council of said village, stating particularly in such application the size, location and the material to be used in its construction or the nature of the repairs and the nature and condition of the building to be moved, for a permit from said village council for the building, erection and construction or repairing or removing of any such building. The village council shall thereupon by resolution properly spread upon the minutes either grant a permit for the erection, construction, re-

pairing or removing such building as specified in the application, or reject the same, stating their reasons for so rejecting said application."

Minnie J. Julius, one of the plaintiffs, owns a frame building, erected about 60 years ago, located within the "fire limit" established by the ordinance. She engaged her husband, the plaintiff Richard, and her son, the plaintiff Gordon, to do certain remodeling. They commenced work about April 1, 1941. On April 12, 1941, Richard, as contractor, made an application to the village council for "a permit to repair the building." At a special meeting held on April 15, 1941, the council denied the application. The owner proceeded with the work, and complaints were filed with a justice of peace charging the three Juliuses with violation of ordinance No. 10. Plaintiffs thereafter brought this action for the purpose of having the ordinance declared null and void and restraining the village officers from enforcing it. On application of the defendants an order was issued restraining plaintiffs from proceeding with the work until determination of the questions involved. The case was tried upon a stipulation of facts drafted apparently with the view of having determined (1) whether the ordinance is valid, and (2) if so, whether the work plaintiffs contemplated violated its provisions.

The stipulation upon which the case was tried provides:

"That the repairs or remodeling of said building undertaken by the plaintiffs herein consisted of the following:

"1. That along the north line of said property leading from the street to the second story of the north portion of said building was a wood stairway about three feet wide. Said repairs and remodeling contemplated the removal of said stairway.

"2. Pushing the north wall of said building over to the brick veneer south wall of the building on the adjoining lot by standing two by four's from the sills about one foot above the ground to the roof of the building, said remodeling or repairing contemplating the use of wood lathe on said two by four's with plaster.

"3. To raise the floor in the northerly half of said building to a point level with the sidewalk in front of the building with wood floor on wood sills back to the kitchen in the rear part of the building, a distance of about thirty feet.

"4. Raising the ceiling of the north half of said building approximately two feet higher than its present level and thereby eliminating the use of the second story of said building for living quarters; that the material used in the new ceiling consisted of pressed wood on two by four's wood joists, a part of the new roof of said building to be covered with tar paper roofing.

"5. To change the door on the east end of the northerly half of said building which is the front of said building facing the street by putting in new wood door frames and door, probably with glass panel.

"6. That the south half or the liquor store portion of the building is not here in question and the north half or the portion of the building here in question has a dimension of approximately 21 feet by 36 feet."

The trial court found that the work contemplated on the premises was "repair work" and not within the prohibition of the ordinance. There was no determination as to the validity of the ordinance insofar as it applies to the erection of buildings within the "fire limit." Defendants moved in the alternative for amended findings or a new trial. The motion was denied, and they appeal from the judgment thereinafter entered.

The stipulation upon which the case was tried recites that on the facts therein contained the court "may make its Findings of Fact, Conclusions of Law and Order for Judgment to determine the validity of the ordinance under which the Village is proceeding and which ordinance is set out in plaintiffs' complaint." It also recites "that it is the claim of the plaintiffs herein that the ordinance is null and void as set out in the complaint and it is the claim of the defendant Village and its officers that said ordinance is valid and enforceable." The case appears to have been

disposed of by the trial court upon the theory that the ordinance prohibits the erection of any "wooden or combustible building within the fire limit" but does not prohibit the repair of existing buildings, and that one of the questions for determination was whether the contemplated work constituted repair or rebuilding. That position appears to have been acquiesced in by the parties both in the trial court and here. Appellants do not contend that the ordinance prohibits the repair of buildings within the so-called fire zone but take the position that the contemplated work was of such an elaborate nature that it in fact constituted rebuilding rather than repair. An examination of the stipulation convinces us that the trier of fact was justified in finding that the proposed improvements amounted only to the repair of an existing building and in concluding that the repairs were not within the prohibition of section 2 of the ordinance. Whether repairs are so extensive as to amount to a rebuilding depends upon the facts of the particular case. If the work substantially changes the building or enlarges it or greatly enhances its value, it is said to be a rebuilding. Commercial Club of St. James v. C. St. P. M. & O. Ry. Co. 142 Minn. 169, 171 N. W. 312. If a building is so changed in plan, structure, or general appearance that it "might, according to common understanding, in common parlance, be called 'a new building,'" then the work is properly called "building" or "rebuilding" and not "repair." City of Mayville v. Rosing, 19 N. D. 98, 101, 123 N. W. 393, 394, 26 L.R.A.(N.S.) 120; State v. Long Branch Commrs. 55 N. J. L. 108, 25 A. 274.

Pursuant to L. 1885, c. 145, § 21, par. Tenth, which empowers the village council "to establish fire limits or the limits within which wooden or other combustible buildings shall not be erected; * * * and generally to establish such necessary measures for the prevention or extinguishment of fires as may be necessary and proper," the ordinance in question was adopted, making it unlawful to "build, erect or construct or cause to be built, erected or constructed" any wooden or combustible building within the fire limit. There is no provision making it unlawful to make repairs

upon existing buildings located within that zone. The provision prohibiting erection of buildings within the described limits is valid and enforceable. However, the evidence sustains the trial court's finding that the work here undertaken is but repair. Such is not forbidden by the ordinance. That part of § 3 requiring a permit for repair work is therefore ineffective and unenforceable.

The judgment appealed from is affirmed.

