Dawn M. LUCKE, Applicant
and Appellee,

v.

E. Stewart LUCKE, Jr., Respondent
and Appellant.

Civ. No. 9796.

Supreme Court of North Dakota.

Nov. 21, 1980.

Rehearings Denied Dec. 19, 1980.

**7. Injunction** ⟺102

The restraining of action which is prohibited by the penal laws is specifically authorized when the activity constitutes adult abuse. NDCC 14–07.1–01.

Murray, Olson, Larivee & Bohlman, Grand Forks, for applicant and appellee; argued by Bruce E. Bohlman, Grand Forks.

Shaft, McConn, Fisher & Thune, Grand Forks, and Ronald I. Meshbesher, Minneapolis, Minn., for respondent and appellant; argued by Patrick W. Fisher, Grand Forks.

Vivian E. Berg, Grand Forks, for Kimberly Lucke, intervenor.

PEDERSON, Justice.

E. Stewart Lucke, Jr., has appealed from two protective orders by the district court, dated April 9, 1980, and May 27, 1980, in an "adult abuse" proceeding under Chapter 14–07.1, NDCC. Lucke's 18-year-old daughter, Dawn, instituted the action, claiming that she and all members of the family, but primarily her 23-year-old sister, Kimberly, were being abused by their father. Kimberly, who was a witness only at the trial, intervened in the proceedings at the appellate level, asking for dismissal of all orders that run against her. We affirm the orders appealed from as to E. Stewart Lucke, Jr., and grant Kimberly's motion to dismiss the orders insofar as they require action by her. We are told that criminal contempt proceedings against Lucke, but not against Kimberly, have been instituted subsequent to the appeal, pursuant to the provisions of § 14–07.1–06, NDCC, and that a bail order has been issued pursuant to Rule 46, NDR. Crim.P., which inter alia granted Lucke's motion for a jury trial under Rule 42, NDR. Crim.P. These matters are not before us.

We will paraphrase and itemize those parts of the orders of April 9, 1980, and May 27, 1980, most of which are not labeled, which we understand to be challenged by Lucke or by Kimberly, as follows:

From the April 9 order:

1. A *finding of fact* that Lucke has been having sexual intercourse with three of his daughters.

2. A *finding of fact* that incestuous relationship between Lucke and his daughter, Kimberly, has continued for approximately ten years.

3. A *finding of fact* that Lucke has attempted to establish an incestuous relationship with his daughter, Dawn.

4. A *finding of fact* that Lucke has committed adult abuse upon Dawn and other members of the family.

5. An *order* restraining Lucke from threatening, molesting, or injuring any other member of the family.

6. An *order* restraining Lucke from having any sexual intercourse or contact with his daughter, Kimberly, or any of his other children.

7. An *order* requiring Kimberly to remove herself from Lucke's residence for a period of 30 days from and after April 8, 1980.

8. A *recommendation* that Lucke and Kimberly undergo psychiatric evaluation and counseling.

9. An *order* that Lucke pay for the psychiatric evaluation and counseling for himself and for Kimberly.

10. A *recommendation* that Kimberly establish a separate and permanent residence for herself.

From the May 27 order:

1. An *order* restating the restrictions in items 5 and 6 above.

2. An *order* requiring Kimberly to continue to remove herself from Lucke's residence for a period of 30 days from and after May 27, 1980.

3. An *order* that Lucke not contact Kimberly during the 30-day period from and after May 27, 1980.

4. An *order* requiring Lucke to submit to a psychiatric examination and evaluation pursuant to Rule 35, NDR.Civ.P., and that Lucke pay the costs thereof.

5. A *finding of fact* that Lucke's mental and/or emotional health is in controversy and that good cause has been shown for ordering an examination pursuant to Rule 35, NDR.Civ.P.

6. An *order* requiring Lucke to pay the cost of any psychiatric or psychological counseling that any member of the family, including Dawn, may obtain from and after April 9, 1980.

The adult abuse statute was enacted by the Forty-sixth Legislative Assembly, leaving minimal legislative history. It appears to be an innovative, unique effort to provide an alternative remedy in domestic violence matters.

Our first question relates to Dawn's eligibility to institute the proceedings in light of the definition of adult abuse in § 14-07.1-01, NDCC:

> "For purposes of this chapter, 'adult abuse' *includes* physical harm, bodily injury, or assault *on the complaining adult*, or the imminent threat thereof." [Emphasis supplied.]

Lucke argues that the only adult abuse that can be involved in a proceeding under Chapter 14-07.1, as contemplated by the Legislative Assembly, is physical abuse directed against the "complaining adult." He overlooks the fact that Dawn alleged that she and the other members of the family were harmed by "unlawful conduct," "abusive behavior," and "incestuous acts," and that the trial court specifically found:

> "... that there is a showing of adult abuse committed by the Respondent as to the Applicant and other family members ...."

The court further found:

> "... that the Respondent has been having sexual intercourse and therefore an incestuous relationship with three of his daughters, namely: Shari, Kimberly and Lynette; that such relationship has continued for approximately the past ten (10) years with Kimberly, who is presently twenty-three (23) years of age, and such relationship with Lynette and Shari has terminated; that the Respondent has also attempted to establish an incestuous relationship with his daughter, Dawn M. Lucke, the Applicant herein."

▇ The question whether or not there was "adult abuse" directed against Dawn, the complaining adult, is an issue of fact to be determined by the trier of fact and is reviewable by this court only pursuant to Rule 52(a), NDR.Civ.P. For us to continually cite authority and discuss the appellate role in reviewing findings of fact only adds to the volume of print researchers must cope with in the future. It is sufficient that we say that there is no basis for a conclusion that the trial court's findings on this fact issue are clearly erroneous.

Lucke further argues that, as a matter of law, only the abuse against the complaining adult may be considered. To support this position he cites § 1–02–02, NDCC, and *Weber v. State Farm Mut. Auto. Ins. Co.*, 284 N.W.2d 299 (N.D.1979), and *City of Mayville v. Rosing*, 19 N.D. 98, 123 N.W. 393 (1909).

Section 1–02–02, NDCC, provides:

"Words used in any statute are to be understood in their ordinary sense, unless a contrary intention plainly appears, but any words explained in this code are to be understood as thus explained."

We agree that § 1–02–02 and the *Weber* and *Rosing* interpretations apply here. But Lucke misapplies them. The word "includes" as used in § 14–07.1–01 is, of course, to be understood in its ordinary sense and, if it is explained in the code, it is to be understood as thus explained.

▇ The ordinary sense of the word "includes" is that it is not a word of limitation but of enlargement. See 42 C.J.S. Include, at 525, and following; 20A Words and Phrases, Include, at 144, and following; and *Fed. Land Bank v. Bismarck Co.*, 314 U.S. 95, 100, 62 S.Ct. 1, 4, 86 L.Ed. 65 (1941). A definition by the parties may cause the word "includes" to become a word of limitation. See *Park View Manor, Inc. v. Housing Authority of the County of Stutsman*, 300 N.W.2d 218 (N.D.1980). Although it has no direct application to the word "includes" in § 14–07.1–01, the only statutory definition called to our attention is in our criminal law, and that states:

"'Includes' should be read as if the phrase 'but is not limited to' were also set forth." Section 12.1–01–04(16), NDCC. See also § 1–01–09, NDCC.

▇ Although legislative corrections may be necessary to make all provisions of the adult abuse law fully operative, we construe § 14–07.1–01 "liberally, with a view to effecting its objects and to promoting justice," (§ 1–02–01, NDCC) and accordingly conclude that abuse of the complaining adult is only one of the abuses that is within the contemplation of this remedial statute. We further conclude that, as a matter of law, adult abuse is not limited to physical harm, bodily injury and assault or the imminent threat thereof, but includes all forms of abuse, including mental harm.

Another feature of Lucke's argument is that the relationship between him and Kimberly is "totally consensual," therefore it does not constitute adult abuse. Incest is a Class C felony in this state:

"A person who . . . has sexual intercourse with another person related to him [or her] within a degree of consanguinity within which marriages are declared incestuous and void by section 14–03–03, knowing such other person to be within said degree of relationship, is guilty of a class C felony." Section 12.1–20–11, NDCC.

Included among marriages declared incestuous and void by § 14–03–03 are those between a parent and child. Incest between consenting adults is, by statute, declared to be a felony, a more serious crime than even sexual assault under § 12.1–20–07, class A and class B misdemeanors.

Incest is not only a male felony. As early as 1899, this court said:

"That the female participant in incestuous intercourse, whose action in the matter is voluntary, and uninfluenced by any element of coercion, either by force, fear, fraud, or undue influence, is an accomplice in the commission of the crime of incest, is, we think, firmly settled in the law." *State v. Kellar*, 8 N.D. 563, 80 N.W. 476 (1899).

■ Because of the position she took as a witness during the trial, claiming Fifth Amendment privilege, as well as her argument as intervenor here, we are not able to state whether Kimberly's position is that of an accomplice or a victim, and it is not necessary that we do so. See VII Wigmore on Evidence, § 2060, at 443; Annotation, Consent as element of incest, 36 A.L.R.2d 1299; Annotation, Incest—Accomplice or Victim, 74 A.L.R.2d 707; and *Bishop v. State*, 39 Md.App. 384, 385 A.2d 1206 (1978). See, generally, 41 Am.Jur.2d, Incest, and 42 C.J.S. Incest. Consent is no defense to a charge of incest. *Angus v. State*, 76 Wis.2d 191, 251 N.W.2d 28, 33 (1977).

■ Ordinarily, specific relief is not granted to enforce a penal law (§§ 32–04–03 and 32–05–02, NDCC); however, special laws prevail when the conflict is irreconcilable. See § 1–02–07, NDCC. The restraining of action which is prohibited by the penal laws is specifically authorized when the activity constitutes adult abuse. We do not understand Lucke's argument, apart from his contention about "consent," to even suggest that it is not adult abuse for a father to engage in sexual intercourse with his daughters. That argument would surely fail if it were made.

■ We next address the question whether or not a protective order can be issued under the statute over the objection of a person who appears to be a beneficiary of the protective order. We conclude that consent of an abused adult is not required, provided, however, that a spouse or "family member" must be the applicant. Section 14–07.1–02(1), NDCC.

A question has been raised as to the availability of Rule 35, NDR.Civ.P., to proceedings under Chapter 14–07.1, NDCC. When the mental or physical condition of a party is in controversy, Rule 35 authorizes a court in which an action is pending, upon good cause being shown, to order a party to submit to a physical or mental examination. Lucke argues that, first, this is not an "action," second, that his mental condition was not "in controversy," and, third, that "good cause" has not been met.

■ A proceeding under the adult abuse statute is labeled "an action for a protection order." Section 14–07.1–02(1), NDCC. Section 32–01–02, NDCC, defines "action" as:

"An action is an ordinary proceeding in a court of justice, by which a party prosecutes another party for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense."

Further comments are not warranted on that question.

■ The trial court specifically found that Lucke's "mental and/or emotional health is in controversy, and that good cause has been shown for the ordering of the examination pursuant to the said Rule 35." No showing has been made that these findings are clearly erroneous under Rule 52(a), NDR.Civ.P., nor do we consider this to be an abuse of discretion under the circumstances in this case.

"Rule 35 vests a wide discretion in the court as to whether or not to require an examination, the type, and number of examinations that may be ordered and the terms and conditions that may be imposed." 4A Moore's Federal Practice, 2d Ed., ¶ 35.04.

■ Lucke complains that the court erred in ordering him to pay for the costs of his own examination, contending that the moving party must bear the expense of an examination under Rule 35. We acknowledge that the statement is made in 8 Wright and Miller, Federal Practice and Procedure, § 2234, at 679, that "the moving party must bear the expense of the examination itself." The authority cited therefor is *Klein v. Yellow Cab Co.*, 7 F.R.D. 169 (D.C.Ohio 1944). We do not agree that *Klein* supports the statement made. There may very well be cases in which the circumstances warrant assessing the costs against the moving party. This is not one that does.

■ Finally, we need to address *Kimberly's* argument that her constitutional

rights have been violated by the protective orders of the trial court. The orders of April 9 and May 27 each required of Kimberly only one thing, to wit: that she remove herself from the residence of her father for a period of 30 days. She was not a party, but should have been brought in as a defendant or involuntary plaintiff under Rule 19(a), NDR.Civ.P. The orders running against her appear to have expired by their own terms and, to that extent, the question is moot. To the extent that orders against Kimberly contain any continuing directive against her, they are void because they are not authorized by the adult abuse statute and exceeded the jurisdiction of the court. This does not apply to recommendations made by the trial court.

As to appellant E. Stewart Lucke, Jr., the orders are affirmed. Both Dawn and Kimberly are entitled to costs on the appeal.

ERICKSTAD, C. J., and PAULSON, SAND and VANDE WALLE, JJ., concur.