**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Thomas James VERMILYA, Defendant and Appellant.**

**Cr. No. 870318.**

Supreme Court of North Dakota.

May 16, 1988.

---

Robert Garold Hoy, Fargo, for plaintiff and appellee. Submitted on briefs.

Schuster, Brothers & Beauchene, Fargo, for defendant and appellant. Submitted on briefs.

ERICKSTAD, Chief Justice.

Thomas James Vermilya appeals from a county court judgment of conviction for carrying a concealed dangerous weapon. We affirm.

While Vermilya was being booked into the Cass County jail upon his arrest for disorderly conduct, a straight razor was found in his left rear pants pocket. Vermilya was charged with and convicted of carrying a concealed dangerous weapon in violation of § 62.1–04–02, N.D.C.C. He appealed, contending that a straight razor is not a dangerous weapon under § 62.1–01–01, N.D.C.C.

Section 62.1–04–02, N.D.C.C., provides that "[n]o person, ..., may carry any firearm or dangerous weapon concealed unless the person is licensed to do so or exempted pursuant to this chapter." A dangerous weapon is concealed "if it is carried in such a manner as not to be discernible by the ordinary observation of a passerby." Section 62.1–04–01, N.D.C.C. Section 62.1–01–01, N.D.C.C., provides:

> "62.1–01–01. General definitions. As used in this title, unless the context otherwise requires:
>
>> "1. 'Dangerous weapon' includes any switchblade or gravity knife, machete, scimitar, stiletto, sword, dagger, or knife with a blade of five inches [12.7 centimeters] or more; ..."

In addition to the foregoing knives or knife-like edged instruments, § 62.1–01–01(1) also lists a number of other weapons.

Vermilya contends that a razor is not specifically included in the definition of a dangerous weapon and, because his razor's blade is less than five inches long, it does not constitute a "knife with a blade of five inches [12.7 centimeters] or more." We must determine if § 62.1–01–01(1), N.D.C.C., is an exclusive list of dangerous weapons or if weapons not listed may be dangerous weapons.

Section 1–02–02, N.D.C.C., provides: "Words used in any statute are to be understood in their ordinary sense, unless a contrary intention plainly appears, but any words explained in this code are to be understood as thus explained." Section 1–01–09, N.D.C.C., provides: "Whenever the meaning of a word or phrase is defined in any statute, such definition is applicable to the same word or phrase wherever it occurs in the same or subsequent statutes, except when a contrary intention plainly appears."

As we said in *Lucke v. Lucke,* 300 N.W.2d 231, 234 (N.D.1980), "[t]he ordinary sense of the word 'includes' is that it is not a word of limitation but of enlargement." We also note, as we did in *Lucke,* that, while not directly applicable, § 12.1–01–04(16), N.D.C.C., provides: " 'Includes' should be read as if the phrase 'but is not limited to' were also set forth."

We conclude that the word "includes" in the definition of "dangerous weapon" is "not a word of limitation but of enlargement" (*Lucke, supra,* 300 N.W.2d at 234), and that the term "dangerous weapon" includes weapons other than those specifically named in § 62.1–01–01(1), N.D.C.C. This disposes of Vermilya's contention that the statute does not cover a razor because razors are not specifically named, as well as his contention that his razor is not covered because it does not constitute a "knife with a blade of five inches [12.7 centimeters] or more."

Vermilya contends that we should determine if it was his purpose to use the razor as a weapon and argues:

> "The razor was easily accessible to Vermilya when he was confronted by the law enforcement officers.... He did not, however, use or threaten to use the razor.... Therefore, it should not be concluded that Vermilya possessed the razor for the purpose of a dangerous weapon."

Vermilya's straight razor has a blade approximately two and three-quarters inches long. It has a longitudinal crack in the blade and a notch or serration about seven-eighths of an inch long and one-quarter of an inch deep at the end of the blade away from the handle. Like the rest of the blade, the notch or serration has been honed to an edge. The razor is unsuitable for shaving. The honed notch or serration, however, enhances its capacity for harm as a weapon. Thus, while it is unsuitable for shaving, the razor involved here is peculiarly suitable for use as a weapon, from which its intended use as a weapon is fairly inferable. We therefore conclude that the razor involved here is a dangerous weapon.

Relying on *State v. Farrell,* 214 N.W.2d 503 (N.D.1973) and *State v. Lewis,* 394 N.W.2d 212 (Minn.App.1986), Vermilya asserts that § 62.1–01–01(1), N.D.C.C., is susceptible of two constructions, that the construction most favorable to a criminal defendant is preferred, and that any doubt must be resolved in his favor. In view of the Legislature's use of the expansive word "includes" in the definition of dangerous weapon, we do not seriously doubt that a straight razor, unsuitable for shaving and altered in such a fashion as to enhance its effectiveness as a weapon, is a dangerous weapon that may not be carried concealed without a license or exemption. We note that § 62.1–01–01(1), N.D.C.C., specifically includes such things as various types of clubs, stun guns, and B B guns, the lethality of which is likely to be no greater, and perhaps less, than that of the altered straight razor involved here.

Affirmed.

GIERKE, VANDE WALLE, LEVINE and MESCHKE, JJ., concur.