The Honorable Steve Bell State Senator P.O. Box 4282 Batesville, Arkansas 72503
Dear Senator Bell:
This is in response to your request for an opinion on three questions regarding the use of sales tax monies in White County. Specifically, you have enclosed a copy of the ballot used in the August 22, 1989, White County special election at which a 1% sales tax was adopted. The ballot provides in pertinent part as follows:
COUNTY SALES TAX
 An ordinance to adopt a one percent (1%) sales tax within White County.
The sales tax money is to be used as follows:
50% for County Road
25% for County General
5% for Voluntary Fire Departments
10% for Capital Improvements
 10% for Non-mandated Services (includes Extension Office, Program for Aging, County Library and Veterans Office)
You ask my opinion on the three following questions in light of the ballot above, Op. Att'y Gen. 86-058 (copy enclosed) and A.C.A. §§ 26-74-301—319 (Cum. Supp. 1992):
 1. Must the 10% which was set aside for non-mandated services be set up in a separate account and used only for non-mandated services, or can this 10% be co-mingled with the other 25% as set aside for county general funds on the ballot?
 2. Can the 10% that was set aside for non-mandated services be spent only on non-mandated services that were in existence at the time of the special election?
 3. Can the 10% for non-mandated services be spent for any non-mandated services, or must it be spent only on the items mentioned specifically in the special election ballot, namely Extension Office, Program for Aging, County Library, and Veterans Office?
It should be noted as an initial matter that your questions require the construction of a local ballot title. It is not ordinarily the function of this office, in an official opinions context, to construe such local provisions. This is an undertaking which often involves the intent of the local officials involved and the intent of the local electorate. This office is not, as a practical matter, well situated to determine such issues. Consultation with the county's attorney is therefore advisable. I will note, however, that the ballot title will be construed just as it reads, giving words their ordinary and usually accepted meaning in common usage. I will, therefore, address the ballot title on its face in light of these principles.
With regard to your first question, the ballot title does not on its face appear to require that this ten percent be segregated into a separate fund. The ballot merely states that 10% shall beused for "non-mandated services." It does not specify or require deposit into any particular fund, as distinguished from the ballot at issue in Op. Att'y Gen. 86-058. Of course, segregation into a separate fund may facilitate the proper administration of these funds; but absent any state or local law requiring such segregation, the ballot title would not, in my opinion, itself be construed to require it. However, ten percent of the sales tax dollars must actually be spent on "non-mandated services" regardless to which account the money is deposited.See A.C.A. § 26-74-308(c) and Arkansas Constitution, art. 16, §11.
Although your second question is somewhat unclear, I assume that you are asking whether this ten percent must be spent on services in existence at the time of the election, or whether it can be spent on new services. The ballot provides that ten percent of the sales tax proceeds are to be used for "non-mandated services." In my opinion, the ballot does not restrict this phrase to services existing on the date of the special election. It appears that so long as the services in question fit the definition of "non-mandated services," the monies in question will be used for the purposes designated. This is sufficient, in my opinion, for compliance with A.C.A. § 26-74-308(c) (Cum. Supp. 1992), and Arkansas Constitution, art. 16, § 11, each of which requires tax monies levied for designated purposes to be used only for those purposes.
Similarly, with regard to your third question, although there may be room for disagreement, it is my opinion that expenditure of the ten percent for "non-mandated services" is not restricted to the services listed in the ballot, i.e., the Extension Office, the Program for Aging, the County Library, and the Veterans Office. The ballot merely states that "non-mandated services . . .includes Extension Office, Program for Aging, County Library, and Veterans Office." (Emphasis added.) It has been stated that the ordinary sense of the word "includes" is that it is not a word of limitation, but of enlargement. Lucke v. Lucke,300 N.W.2d 231, (N.D. 1980). It has also been stated that although the term "including" is ambiguous and its meaning may vary according to the context of the statute in which it appears, ordinarily it is not a word of limitation, but rather, one of enlargement. Union Elec. Co. v. Cuivre River Elec. Co-op., Inc.571 S.W.2d 790 (Mo.App. 1978). See also, Lyman v. Town of BowMar, 188 Colo. 216, 533 P.2d 1129 (1975); Haynes v. State,54 Ala. App. 714, 312 So.2d 406 (1975); Greyhound Lines, Inc. v.City of Chicago, 24 Ill. App.3d 718, 321 N.E.2d 293 (1974); andParamount General Hospital Co. v. National Medical Enterprises,Inc., 42 Cal. App. 3d 496, 117 Cal. Rptr. 42 (1974). Finally, it has been stated that the term "include" does not necessarily imply exclusion of items not specifically enumerated; the weight of authority ordinarily interprets "include" as a term of enlargement. Zebulon Enterprises, Inc. v. DuPage County,
100 Ill Dec. 191, 146 Ill. App.3d 515, 496 N.E.2d 1256 (1986).
It is therefore my opinion, absent contrary evidence of intent on the question, that the language of the ballot relevant to your third question would be interpreted as not restricting expenditure of the ten percent for "non-mandated services" to those enumerated. Presumably, this ten percent could be spent lawfully on any service which is "non-mandated."
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
Enclosure