## Eisenberg, Appellant, *v.* Wolf.

*Mechanic's Lien—Filing—Old buildings—New construction—Time for filing.*

Under the Mechanic's Lien Law, the substantial addition of material parts of a structure, and the rebuilding upon another and larger scale, constitutes a new building, even although some portions of the old are preserved and incorporated in the new.

The remodeling of an old stable into a modern garage is such a reconstruction of the building which makes it a new structure for which a lien can be filed.

A lien filed on March 26, 1924, is in time when the work was not completed until November 5, 1923.

The right to file a mechanic's lien includes the right to charge for extras. The extra charge, which was merely incident to the whole enterprise, and was material to its completion, is properly a part of the claim.

Argued May 5, 1925. Appeal No. 205, April T., 1925,

by plaintiff from order of C. P. Allegheny County, Fi.
Fa. No. 62, July T., 1924, in the case of Julius Eisen-
berg v. John Wolf. Before PORTER, HENDERSON, TREX-
LER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Exceptions to distribution of proceeds of sheriff's
sale. Before SWEARINGEN, J.

The facts are stated in the opinion of the Superior
Court.

The court sustained the exceptions. Plaintiff ap-
pealed.

*Errors assigned* were various findings of fact and
conclusions of law and the decree of the court.

*Frederic W. Miller,* and with him *Edwin B. Gold-
smith,* for appellant.—The improvements did not con-
stitute a new construction: Kolb. v. Reform Episcopal
Church, 18 Pa. Superior Court 477; Hothersall v. Rust,
18 Pa. Superior Court 495; Chester City Presbyterian
Church v. Conlin, 19 Pa. Superior Court 515; Miller
v. Hershey, 59 Pa. 64; Porter v. Weightman, 29 Pa.
Superior Court 498; Warren v. Freeman, 187 Pa. 455;
Dewald v. Woog, 158 Pa. 497.

*Samuel L. Dille,* for appellee.—The work was new
construction and the lien was filed in time: Section 3
of the Act of June 4, 1901, P. L. 431; Dreisbach v. Kel-
ler, 2 Pa. 77; Armstrong v. Ware, 20 Pa. 520; Dunbar
v. Washington Foundry, 210 Pa. 58; Parrish's Appeal,
83 Pa. 111; Boettiger v. Weber, 57 Pa. Superior Court
464.

OPINION BY HENDERSON, J., July 9, 1925:

This appeal arises out of the distribution of the pro-
ceeds of a sale of real estate. The contest is between
the assignee of a mechanic's lien filed by Dell & Fred-
erick against the property sold, and Julius Eisenberg,

the creditor, on whose execution the sale took place. The sheriff made a special return awarding the fund in controversy to the holder of the judgment. Exceptions were filed to that return, which exceptions, after argument, were sustained by the court and the fund awarded to the mechanic's lien creditor. Three questions were presented under the evidence: (1) was the building to which the contractor's work applied a new structure, or was the claim for repair work on an old building; (2) was the lien filed in time; (3) was the charge for extra work done a proper addition to the claim for the work originally contracted?

The third section of the Act of June 4, 1901, P. L. 431, provides that a substantial addition to a structure or other improvement shall be treated as a new erection or construction thereof; and the addition and the structure or other improvement of which it becomes a part and the curtilage appurtenant to both shall be subject to the lien. It is also provided that the adaptation of an old structure or other improvement to a new or distinct use which effects a material change in the interior or exterior thereof shall also be deemed an erection or construction thereof. It has been the law of the Commonwealth for eighty years at least that a substantial addition of material parts and rebuilding upon another and larger scale constitutes a new building even though some portions of the old are preserved and incorporated in the new: Dreisbach v. Keller, 2 Pa. 77. This rule has been applied in subsequent cases, Armstrong v. Ware, 20 Pa. 520; Miller v. Hershey, 59 Pa. 64, and was incorporated in the Act of 1901 as above recited. The plaintiff's work was part of the construction of a garage. An old stable had existed on the premises fronting on East Street in the City of Pittsburgh. The front of this was torn down and a new structure erected in the same place, two stories in height, having a width of about 31 feet and a depth of 65 or 70 feet. Back of that and con-

nected therewith was a part of the old structure having a height of one story. The interior was removed from the old part; excavations were made therein; electric wiring, plumbing, and steam fitting was done throughout the building—the whole being adapted to use as a garage. The old part to which the new was joined was 8 or 9 feet lower than the front and not visible from the street. The evidence in support of the claim was to the effect that the structure had the appearance of a new building and was practically a new construction, and the description of the premises supports this conclusion. The court was fully warranted therefore in holding that the claim could be supported under the law.

The evidence shows that the extra work was done in extension of the original plan and is a part thereof and directly connected with the use of the whole building as a unit. It was made necessary by modified plans, but was largely cement work, fitting the rear of the building for use in connection with the front part. The original undertaking of the claimants was to put a concrete floor in the whole building including the one story rear part. After a part of the work had been completed it was discovered that an excavation of 9 x 14 feet must be made in the rear part to be used as a boiler room. This excavation involved a concrete wall, the underpinning of the stone walls, the reinforcing of the floor over the boiler room, and the construction of an outside entrance. The consequence of which was that the work was not completed until November fifth. As the lien was filed on March 26, 1924, it was in time if the building is to be treated as a new structure.

The right to include the charge for extras is sanctioned by the decision in Rush v. Able, 90 Pa. 153 and other cases. The extra charge was an incident merely of the whole enterprise, material to its completion and therefore properly a part of the claim. The lien was

filed under the amendment of 1905, P. L. 172, and is not objectionable in form.

It was satisfactorily proved that the building was erected at the time Eisenberg took his mortgage. The situation on the premises was notice to him therefore of a state of facts out of which a mechanic's lien might arise.

The decree is affirmed at the cost of the appellant.