## Anastasi *v.* Brunet, Appellant.

Argued March 19, 1952. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Paul Lane Ives,* for appellants.

*Frederick H. Starling,* with him *Frank A. Moorshead,* for appellees.

OPINION BY HIRT, J., July 17, 1952:

This is a proceeding on scire facias, testing the validity of a mechanics lien. The trial resulted in a verdict for defendants. On undisputed facts the lower court subsequently entered judgment for the plaintiffs in the sum of $2,275, non obstante veredicto. The judgment will be affirmed.

Defendant Brunet and wife contracted with James F. Bloomer for the erection of a building adjoining a dwelling house on land owned by them. The plaintiffs, as subcontractors under Bloomer, supplied the cement block and brick work. Bloomer paid plaintiffs nothing for their work and subsequently went into bankruptcy. Plaintiffs completed their work on February 27, 1950 and on May 22, 1950, served defendants with notice of intention to file a lien. The lien was filed on June 27, 1950, in the amount of the agreed

price for the work. The controlling question is whether the subject of the general contract was an alteration of the existing dwelling on the premises, or a new construction within the contemplation of the mechanics lien law. If and only if the improvement was a new erection or construction can the validity of the lien be sustained since it was filed more than three months, although within six months, after the contract was completed. Act of June 4, 1901, P. L. 431, §10, 49 PS §52. That question on undisputed facts was for the court. *Warren v. Freeman,* 187 Pa. 455, 41 A. 290; *Malone v. Hosfeld,* 53 Pa. Superior Ct. 134.

Defendants' land is situate at the intersection of Providence and Chester Roads in Delaware County. There was an existing two-story brick dwelling house on the premises covering an area of 22 by 35 feet. The structure with which we are concerned is a one-story brick building 48 feet 8 inches by 33 feet, physically connected with the dwelling house with a doorway leading into it. The dwelling house was a complete unit in itself and the new work was in no sense a repair or alteration of the existing residence building. On the contrary the new structure was built to provide defendant Dr. Brunet with quarters for the practice of his profession as a dentist. The new building was attached to the dwelling house for convenience of access and to effect economies by using the heating system and extensions of existing utilities from the house. The new structure contained a reception room, operating room, business office, dark room and lavatory and a one car garage, all under one roof. The dwelling house, with a garage of its own, fronted on one street and the new building on the other. They were served by separate walks and driveways from different streets.

In sustaining the judgment in this case we do not rest our conclusion on a literal application of the pro-

vision of section 3 of the Act of June 4, 1901, supra, 49 PS §26, to the effect that "a substantial addition to a structure or other improvement shall be treated as a new erection or construction thereof . . ." Certainly that Act is constitutional only "insofar as it is not clearly divergent from and an advance upon the old law" as it existed at the adoption of the Constitution of 1874. *Felin v. Locust Realty Co.*, 232 Pa. 123, 81 A. 158. Otherwise it offends against Art. III, §7, of the Constitution prohibiting the enactment of any special law "authorizing the creation, extension or impairing of liens". The mechanics lien system could not be extended, by legislation, beyond the point it had reached at the time of the adoption of the Constitution. *Fluke et al. v. Lang*, 283 Pa. 54, 128 A. 663.

There is not complete unanimity in the decisions as to what elements distinguish a new structure from an alteration or repair of the old but in general it has been recognized as essential to a valid lien that the new erection "present . . . that *external change* indicating newness of structure [though some parts of the old may have entered into it] which is calculated to put purchasers, mortgagees and other lien creditors upon an inquiry for liens": *Miller v. Hershey*, 59 Pa. 64, 69. (Emphasis added). In the present case the old building did not absorb the new structure. On the contrary, the new wing was built on new ground and was a new structure which no one could possibly mistake for a repair or alteration of the old. The original building 22 by 35 feet together with the new construction became a large rambling structure covering 2354 square feet. The facts bring this case within the meaning of the Act of June 16, 1836, as construed by a settled line of authorities, where substantial additions to existing buildings were held to be sufficient to support liens as new construction. The following are typi-

cal of the decisions of our appellate courts to that effect: *Pretz and Gausler's Appeal*, 35 Pa. 349; *Hershey v. Shenk*, 58 Pa. 382; *Harman v. Cummings et ux.*, 43 Pa. 322; *Boettiger v. Weber*, 57 Pa. Superior Ct. 464. Cf. *Eisenberg v. Wolf*, 86 Pa. Superior Ct. 169. Section 3 of the 1901 Act, supra, as applied to the facts in this case, merely epitomizes the applicable mechanics lien law as construed in the above authorities.

The lien was filed against the new structure and its curtilage. We need not decide therefore whether the lien might have been filed against the defendants' land as a whole, but compare *Hershey v. Shenk*, supra.

Judgment affirmed.