**WENTZEL–APPLEWOOD JOINT VENTURE, Appellant,**

v.

**801 MARKET STREET ASSOCIATES, LP, A/K/A 801 Market Street Holdings, LLC, Citizens Bank, Item Processing Center and Preferred Real Estate Investments, Inc., Appellees.**

Superior Court of Pennsylvania.

Argued March 16, 2005.

Filed June 29, 2005.

Paul A. Logan, King of Prussia, for appellant.

Nicholas Deenis, Philadelphia, for appellee.

Before: TODD, J., KELLY, J., and McEWEN, P.J.E.

OPINION PER CURIAM:

¶ 1 Appellant, Wentzel–Applewood Joint Venture, has taken this appeal from the order entered in this mechanics' lien action[1] and dismissing appellant's claim with prejudice in response to the preliminary objections filed by appellees, 801 Market Street Associates, LP, a/k/a 801 Market Street Holdings, LLC, Citizens Bank, Item Processing Center and Preferred Real Estate Investments, Inc.[2] We affirm.

¶ 2 The relevant facts of this case have been set forth by the esteemed Judge Matthew D. Carrafiello as follows:

[Citizens Bank] is a tenant on the 11th, 12th, and 13th floors of a multiple floor building.[3] [Citizens Bank] entered into a contract with Carlson Implementation Associates, Inc. (hereinafter "Carlson") to convert said floors from their previous use as retail and storage space into an "item processing center" on the 11th and 12th floor with office space on the 13th floor.[1] Carlson then subcontracted with appellant to provide and install the drywall, studs, doors, windows, ceilings and millwork required in building the item processing center.

---

1 According to appellant's statement of matters complained of, the final contract price was $15,839,309.00, with Wentzel's portion set at $2,290,889.00 [after change work orders].

1. An order striking the lien was originally entered on April 21, 2004. Appellant simultaneously filed a notice of appeal and a motion for reconsideration. The trial court granted reconsideration and vacated the order of April 21, 2004, pending reconsideration. Thereafter, on August 26, 2004, the trial court again entered an order striking the lien. It is from this later order that the appellant filed the instant appeal.

2. The mechanics' lien at issue is in the amount of $257,286.31, the amount of the unpaid portion of the contract. The lien was lifted by order of the trial court dated Novem-

Appellant completed the work on January 15, 2003, and [Citizens Bank] paid Carlson the amount due. Carlson, however, subsequently declared bankruptcy and did not pay appellant. Thereafter, on March 24, 2003, appellant provided formal written notice of their intent to file a mechanics' lien.

¶ 3 Appellant filed a mechanics' lien on May 13, 2003, to which appellees filed preliminary objections asserting that appellant failed to give, prior to completion of its work, the required written preliminary notice of its intent to file a mechanics' lien.[4] The trial court overruled the objections, but subsequently granted reconsideration by order dated October 8, 2003 and directed that discovery and depositions be completed within thirty days. Subsequently, on April 21, 2004, upon review of the evidence produced, the trial court, without further evidentiary proceedings, sustained the preliminary objections in favor of appellees, and dismissed appellant's claim. The trial court thereafter by order of May 18, 2004, granted appellant's petition for reconsideration and vacated its April 21, 2004 order. When the trial court subsequently sustained the preliminary objections and struck the lien on August 26, 2004, this appeal timely followed.

¶ 4 Appellant, in the brief presented in support of this appeal, raises the following questions for review:

ber 3, 2003, after appellee Citizens Bank posted a bond for $514,572.62, a sum which, pursuant to 49 Pa.C.S. § 1510(d), is twice the amount of the lien for the unpaid portion of the contract.

3. The building was owned by appellees, 801 Market Street Associates, LP, a/k/a 801 Market Street Holdings, LLC, and Preferred Real Estate Investments, Inc.

4. There is no dispute that appellant failed to give preliminary notice of its intention to file a lien prior to the completion of the job.

Did the trial court err in granting the preliminary objections of Citizens Bank and striking the May 13, 2003, mechanic's lien of Wentzel–Applewood seeking the unpaid contract balance on the basis that the trial court decided, without a hearing, that the work performed by Wentzel–Applewood was an "alteration or repair" rather than an "erection and construction" as statutorily defined by the Mechanics' Lien Law (49 P.S. § 1201) and requiring the statutorily provided notice provisions related to "repair and alteration" liens?

Did the trial court err or abuse its discretion in failing to conduct an evidentiary hearing as provided in 49 P.S. § 1505, with respect to the factual disputes respecting the scope and nature of the changes to the use and appearances of the three floors and basement of the building, the factual question of whether contracts by Carlson and Wentzel–Applewood rendered the premises "new" and for a distinct use and the disputed facts that the contracts affected a material change to the interior of that building, and only thereafter, resolve the issues raised in Wentzel–Applewood's lien claim and the defenses proffered by the bank?

■■■ ¶ 5 Appellant argues that the trial court erred when it sustained the preliminary objections of appellee by reason of appellant's failure to give preliminary notice of its intent to file a lien. Our scope and standard of review of a challenge to an order that has sustained preliminary objections is well settled:

In determining whether the trial court properly sustained preliminary objections, the appellate court must examine the averments in the complaint, together with the documents and exhibits attached thereto, in order to evaluate the sufficiency of the facts averred. The

impetus of our inquiry is to determine the legal sufficiency of the complaint and whether the pleading would permit recovery if ultimately proven. This Court will reverse the trial court's decision regarding preliminary objections only where there has been an error of law or abuse of discretion. When sustaining the trial court's ruling will result in the denial of claim or a dismissal of suit, preliminary objections will be sustained only where the case is free and clear of doubt.

*Brosovic v. Nationwide Mutual Insurance Co.*, 841 A.2d 1071, 1073 (Pa.Super.2004) (citation omitted).

■■■ ¶ 6 "The Mechanics' Lien Law is a creature of statute in derogation of the common law," and "any questions of interpretation should be resolved in favor of a strict, narrow construction. To effectuate a valid lien claim, the contractor or subcontractor must be in strict compliance with the requirements of the Mechanics' Lien Law." *Martin Stone Quarries, Inc. v. Robert M. Koffel Builders,* 786 A.2d 998, 1002 (Pa.Super.2001) (citation omitted), *appeal denied,* 569 Pa. 707, 805 A.2d 525 (2002). The type of notice required of a subcontractor in order to properly file a mechanic's lien is set forth in 49 Pa.C.S. § 1501, which states in relevant part:

(a) Preliminary notice in case of alteration and repair. No claim by a subcontractor for alterations or repairs shall be valid unless, in addition to the formal notice required by subsection (b) of this section, he shall have given to the owner, on or before the date of completion of his work, a written preliminary notice of his intention to file a claim if the amount due or to become due is not paid. . . .

(b) Formal notice in all cases by subcontractor. No claim by a subcontractor, whether for erection or construction or

for alterations or repairs, shall be valid unless, at least thirty (30) days before the same is filed, he shall have given to the owner a formal written notice of his intention to file a claim, except that such notice shall not be required where the claim is filed pursuant to a rule to do so as provided by section 506 [49 P.S. § 1506].

49 Pa.C.S. § 1501(a), (b). Thus, as there is no dispute that appellant failed to give preliminary notice of its intention to file a lien prior to the completion of the job, appellant's claim rests on whether the work performed qualifies as "erection and construction" or "alterations and repairs."

¶ 7 The Mechanics' Lien Law defines the relevant phrases as follows:

"**Improvement**" includes any building, structure or other improvement of whatsoever kind or character erected or constructed on land, together with the fixtures and other personal property used in fitting up and equipping the same for the purpose for which it is intended.

\* \* \*

"**Erection and construction**" means the erection and construction of a new improvement or of a substantial addition to an existing improvement or any adaptation of an existing improvement rendering the same fit for a new or distinct use and effecting a material change in the interior or exterior thereof.

"**Alteration and repair**" means any alteration or repair of an existing improvement which does not constitute erection or construction as defined herein.

49 Pa.C.S. § 1201(1), (10), and (11). The improvement of real estate has been determined to be erection and construction

where the adaptation (1) is substantial enough in its own right to constitute a new structure, or (2) creates a significant change in the use of the existing structure. *City Lighting Products Company v. The Carnegie Institute,* 816 A.2d 1196, 1199–1200 (Pa.Super.2003).

■ ¶ 8 In the instant case, Thomas Wentzel of Wentzel–Applewood Joint Venture testified that, prior to the adaptations completed by appellant, the eleventh, twelfth, and thirteenth floors of 801 Market Street were "retail, old space" used as storage for the commercial operations conducted by Strawbridge & Clothier department store on the lower levels. He further stated that after those three floors had been "gutted" by another party, appellant "performed drywall, metal studs, acoustical, door frames and hardware, millwork, specialty metal ceilings to create computer rooms, electrical rooms, sprinkler rooms, office space, [and] bathrooms." He went on to testify that, currently, the pertinent floors are used for "office space" and "processing areas." [5]

¶ 9 As the foregoing testimony of the principal of appellant himself reveals, the renovations completed on the eleventh, twelfth, and thirteenth floors of 801 Market Street were alterations of the existing building and, extensive though they were, did not constitute the erection of a "new improvement" or a "substantial addition" to the existing building. *See: City Lighting Products Company v. The Carnegie Institute, supra* at 1199. *See generally: Anastasi v. Brunet,* 171 Pa.Super. 464, 90 A.2d 636 (1952); *Eisenberg v. Wolf,* 86 Pa.Super. 169 (1925) (substantial addition is rebuilding on another and larger scale). Nonetheless, the improvements qualify as erection and construction if the renova-

---

**5.** Jason Vallance of Citizens Bank explained that check handling would take place in the processing areas of the eleventh floor.

tions created a significant change in the use of the existing structure. *See: City Lighting Products Company v. The Carnegie Institute, supra.*

¶ 10 As we have noted, the very testimony of the principal of appellant established that prior to the alterations, the renovated floors were "retail, old space" used as storage in the commercial operations of Strawbridge and Clothier, and that after the construction the floors were used in the commercial operations of Citizens Bank as "office space" and "processing areas." Thus, while the specific activities carried out on the pertinent floors changed, the character of the use of the floors remained the same, namely, a use attendant to the commercial operations of first, Strawbridge and Clothier and subsequently, Citizens Bank. Since, therefore, the renovations do not meet the definition of "Erection and Construction," the work must be viewed as "Alteration and Repair," and appellant was obliged under 49 Pa.C.S. § 1501 to have provided, prior to completion of its work, a written preliminary notice of its intention to file a mechanics' lien. The failure of appellant to do so compelled the trial court to sustain the preliminary objections, a ruling which we affirm.

¶ 11 Appellant further argues that the trial court erred when it sustained the preliminary objections without conducting a hearing. "[W]hen issues of fact are raised by preliminary objections, the trial court may receive evidence by depositions or otherwise." *Mellon Bank, N.A. v. Fabinyi,* 437 Pa.Super. 559, 650 A.2d 895, 899 (1994). However, "[n]othing in section 1505 [49 Pa.C.S. § 1505, permitting objections to liens,] *requires* a trial court to either hold a hearing or to solicit depositions." *Mele Construction Company, Inc. v. Crown American Corporation,* 421 Pa.Super. 569, 618 A.2d 956, 960

(1992)(emphasis in original), *appeal denied,* 536 Pa. 627, 637 A.2d 288 (1993).

¶ 12 In any event, the trial court here had directed that the parties proceed to the presentation of evidence through depositions. The record reveals that the depositions of Thomas Wentzel and Jason Vallance, principals of the parties, provided full clarification of the determinative issues of (1) the extent of the work done by appellant, and (2) the uses of the renovated floors before and after the alterations, thereby, affording an ample evidentiary basis for the rulings of the trial court. Thus, there was no need for the trial court to undertake further evidentiary proceedings. *Id.*

¶ 13 Accordingly, as there is no basis on which to disturb the ruling of the trial court, we affirm the Order which dismissed the mechanics' lien of appellant.

¶ 14 Order affirmed.