**CLEARWATER CONCRETE & MASONRY, INC.,**
**Appellant**

v.

**WEST PHILADELPHIA FINANCIAL SERVICES INSTITUTION,**
**Appellee.**

Superior Court of Pennsylvania.

Argued Feb. 9, 2011.
Filed March 29, 2011.

Robert R. Watson, Jr., Blue Bell, for appellant.

John A. Greenhall, Philadelphia, for appellee.

BEFORE: BENDER, LAZARUS, and STRASSBURGER *, JJ.

OPINION BY STRASSBURGER, J.:

Appellant, Clearwater Concrete Masonry, Inc. (Clearwater) appeals from the order of the trial court granting summary judgment in favor of Appellee, West Philadelphia Financial Services Institution (WPFSI). Upon review, we affirm.[1]

The trial court ably summarized the relevant facts and procedural history as follows.

This case arises out of the construction of the Park West Town Center, a strip mall located at the intersection of 52nd Street and Jefferson Street in West Philadelphia. The strip mall consists of multiple lots. For purposes of this opinion, only three lots are important. Two of the lots are owned by [WPFSI] and the third, adjacent, lot is owned by Lowe's Home Centers, Inc. [Lowe's].

[WPFSI] entered into a contract with WesGold, LLC to develop its parcel. WesGold hired Bond Construction to serve as general contractor on the project. In turn, Bond Construction entered into a subcontract with [Clearwater], whereby Clearwater agreed to

---

* Retired Senior Judge assigned to the Superior Court.

1. In addition to the within action, there is a companion case, *Clearwater Concrete & Masonry v. Lowe's Home Centers, Inc.*, 2060 EDA 2010, presently on appeal before this Court.

provide materials and perform labor to install concrete curbing in the amount of $467,233.00. Included in the $467,233.00 contract between Clearwater and Bond was $286,275.00 for paving that was to be done on the parcel owned by Lowe's. Although Clearwater performed under the subcontract, it was not paid in full.

On September 25, 2008, Clearwater filed a mechanics' lien against [WPFSI] in the amount of $389,000.00. Less than two months later, on November 12, 2008, Clearwater commenced this action to enforce its lien against [WPFSI]. [WPFSI] filed preliminary objections, which were overruled by this court on December 30, 2008. On January 6, 2009, Clearwater filed a mechanics' lien on the Lowe's parcel in the amount of $399,000.00. In discovery, Clearwater admitted that the amount claimed in the [WPFSI] lien represents all work done at the Park West Town Center, including the paving that was performed on the lot owned by Lowe's.

Trial Court Opinion, 4/21/2010, at 1–2 (footnote omitted).

On January 20, 2010, WPFSI filed a motion for summary judgment, and on April 22, 2010, the trial court granted summary judgment in favor of WPFSI "because Clearwater failed to comply with the Mechanics' Lien Law, 49 Pa.S.A. § 1306." Trial Court Opinion, *supra* at 2. This timely appeal followed.[2]

Clearwater presents two issues for our review:

A. Whether a mechanics' lien claimant who performed work on several improvements which form part of a single business plant is required to apportion its lien claim?

B. Whether the law of the case doctrine prohibits the trial court from reconsidering its prior decision denying preliminary objections in the form of a demurrer to mechanics' lien claim when there have been no new facts or law presented since those objections were overruled with prejudice?

Clearwater's Brief at 4.

"When an appellate court reviews the grant of a motion for summary judgment, our scope of review is well settled; the trial court will be overturned only if there has been an error of law or clear abuse of discretion. Our review of the record is, however, plenary." *D'Errico v. DeFazio*, 763 A.2d 424, 429 (Pa.Super.2000) (citations omitted).

Our standard of review in assessing the grant of a motion for summary judgment requires us to view the record in a light most favorable to the non-moving party. Summary judgment is proper only if the pleadings, depositions, answers to interrogatories, admissions on file and affidavits show that there are no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law.

*Delmont Mech. Services, Inc. v. Kenver Corp.*, 450 Pa.Super. 666, 677 A.2d 1241, 1244 (1996) (citations omitted).

■ In conducting our review, we are also mindful that "[t]he Mechanics' Lien Law is a creature of statute in derogation of the common law," and "any questions of interpretation should be resolved in favor of a strict, narrow construction." *Wentzel–Applewood Joint Venture v. 801 Mkt. St. Associates, LP*, 878 A.2d 889, 892 (Pa.Super.2005). "To effectuate a valid lien claim, the contractor or subcontractor

---

**2.** The trial court did not order Clearwater to file a concise statement pursuant to Pa.R.A.P. 1925(b).

must be in strict compliance with the requirements of the Mechanics' Lien Law." *Id.*

Section 1306 of the Mechanics' Lien law provides, in relevant part:

### § 1306. Consolidation or apportionment of claims

(a) Consolidation of claims. Where a debt is incurred for labor or materials furnished continuously by the same claimant for work upon a single improvement but under more than one contract, the claimant may elect to file a single claim for the entire debt . . .

Apportionment of claims. Where a debt is incurred for labor or materials furnished by the same claimant for work upon several different improvements which do not form all or part of a single business or residential plant, the claimant shall file separate claims with respect to each such improvement, with the amount of each claim determined by apportionment of the total debt to the several improvements. . . .

49 P.S. § 1306.

■ Clearwater contends that its contract with Bond Construction for the Park West Town Center project constituted work upon a single business plant, and Clearwater elected to file a **single** claim for the entire debt, pursuant to section 1306(a). Clearwater's Brief at 9. In discovery, however, Clearwater admitted it filed a **second** claim for the same debt. Clearwater's Brief in Response to WPFSI's Motion for Summary Judgment, at 6. The trial court found that "[t]his conduct is not [in] strict compliance with the requirements of the Mechanics' Lien Law; therefore, the [WPFSI] lien must be stricken as invalid." Trial Court Opinion, 4/21/2010, at 4–5. We agree—Clearwater

was not entitled to file two liens for improvements to a single business plant.[3]

■ Clearwater also contends that the trial court essentially reversed itself by granting summary judgment on the same facts it had during the preliminary objections stage in contravention of the law of the case doctrine. Clearwater's Brief at 13. This contention is without merit.

[T]he law of the case doctrine refers to a family of rules which embody the concept that a court involved in the later phases of a litigated matter should not reopen questions decided by another judge of that same court or by a higher court in the earlier phases of the matter. Among the related but distinct rules which make up the law of the case doctrine is the rule that upon transfer of a matter between trial judges of coordinate jurisdiction, the transferee trial court may not alter the resolution of a legal question previously decided by the transferor trial court.

*Commonwealth v. King,* 999 A.2d 598, 600 (Pa.Super.2010) (citations and internal quotations omitted). A trial judge may always revisit his own prior pre-trial rulings in a case without running afoul of the law of the case doctrine; by its terms, the doctrine only prevents a second judge from revisiting the decision of a previous judge of coordinate jurisdiction or of an appellate court in the same case. *Commonwealth v. Starr,* 541 Pa. 564, 664 A.2d 1326, 1331 (1995). In this case, only one judge was involved in both decisions, so the law of the case doctrine does not apply.

Furthermore, a trial court exercises different types of review for preliminary objections and motions for summary judgment. "When reviewing preliminary

---

**3.** Alternatively, Clearwater was not in strict compliance with 49 P.S. § 1306(b) either. In order for Clearwater to be in compliance with section 1306(b), Clearwater would have had to apportion. It did not.

objections the trial court looks to the pleadings, but, in considering a motion for summary judgment the trial court weighs the pleadings, depositions, answers to interrogatories, admissions and affidavits." *Herczeg v. Hampton Twp. Mun. Auth.*, 766 A.2d 866, 870 (Pa.Super.2001). The trial court noted that "[WPFSI] has presented new facts [in its motion for summary judgment], specifically Clearwater filed the Lowe's lien and admitted that the [WPFSI] lien represents all work done at the Park West Town Center, including the paving that was performed on the lot owned by Lowe's." Trial Court Opinion, 4/21/2010, at 2 fn. 1.

Thus, the trial court's denial of WPFSI's preliminary objections had little bearing on the question of whether it could ultimately enter summary judgment in WPFSI's favor, taking into account the facts not developed until after the preliminary objections were heard. Accordingly, Clearwater's argument fails.

Order affirmed. Jurisdiction relinquished.

Judge BENDER concurs in the result.