J-A28022-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| GEORGE ANTONAS | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| SOCRATES VASSILIADIS | |
| Appeal of: Allen L. Feingold | No. 3460 EDA 2014 |

Appeal from the Order Entered October 31, 2014
In the Court of Common Pleas of Montgomery County
Civil Division at No(s): 2011-14680

BEFORE: GANTMAN, P.J., PANELLA, J., and SHOGAN, J.

JUDGMENT ORDER BY PANELLA, J.          **FILED SEPTEMBER 23, 2015**

Appellant, Allen L. Feingold, appeals *pro se*[1] from the order denying his petition to intervene in the above-captioned matter entered on October 31, 2014. We affirm.

We have reviewed the briefs of the parties, the certified record, and the trial court's opinion. The trial court, the Honorable Kelly C. Wall, has authored an opinion that ably disposes of the issues presented on appeal. We affirm based on that opinion. *See* Trial Court Opinion, 1/5/15.

---

[1] Feingold is a disbarred attorney. For a history of the issues that led to his disbarment we direct the reader to The Disciplinary Board of the Supreme Court, *Aggressive Actions Taken to Stop Disbarred Lawyer from Continuing to Practice*, available at http://www.padisciplinaryboard.org/newsroom/news/2009/1009.php (last visited September 17, 2015).

We request that the Prothonotary remove this matter from the Daily Argument List for A28.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/23/2015

IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA
CIVIL ACTION – LAW

| | | |
|---|---|---|
| GEORGE ANTONAS | : | Common Pleas No: 2011-14680 |
| Plaintiff | : | |
| | : | |
| vs. | : | |
| | : | |
| | : | |
| SOCRATES VASSILIADIS, et al. | : | |
| Defendants | : | Superior Court No: 3460 EDA 2014 |
| | : | |

Wall, J.                                                                                    January 5, 2015

## OPINION

Appellant, Allen L. Feingold, files this instant appeal from an Order entered by the Court on October 29, 2014.

### FACTUAL AND PROCEDURAL HISTORY

On October 14, 2000, an incident occurred between George Antonas ("Plaintiff") and Socrates Vasilliadis ("Defendant"). Pursuant to the police incident report, Plaintiff reported he was "hit by a vehicle and landed on hood of vehicle and then fell of and was dragged by vehicle. He stated both him and other driver got out of vehicles and started to fight." *See*, Exhibit A to Progressive Insurance's Memorandum of Law in Support of Summary Judgment. On October 10, 2002, Defendant filed a complaint against Plaintiff in the Delaware County Court of Common Pleas for assault, battery and negligence. On October 15, 2002, Plaintiff, through his attorney Allen L. Feingold ("Feingold"), filed a complaint against Defendant in the Philadelphia County Court of Common Pleas claiming Defendant acted "so recklessly, wantonly and willfully, or he acted intentionally when he drove . . . into the Plaintiff . . . and left the scene of the accident without rendering any help, care or assistance." *See*, Exhibit C to Progressive Insurance's Memorandum of Law in Support of Summary Judgment. After arbitration on January 29, 2004, Defendant was awarded $50,000 against Plaintiff. On April 2, 2004, the Philadelphia action was transferred to Delaware County and, consequently, the two cases were consolidated.



In March 2006, Feingold was suspended for three years.[1] When the case proceeded to trial, on May 9, 2007, Plaintiff was represented by Dora Garcia and Defendant was not only unrepresented but he failed to appear. Plaintiff was ultimately awarded $300,000 after the Delaware County Court found that "based on the preponderance of the evidence presented at the non-jury trial in this matter, Vassiliadis' action on October 14, 2000, satisfy all the elements of assault, battery and negligence." *See*, Exhibit I to Progressive Insurance's Memorandum of Law in Support of Summary Judgment.

On May 27, 2011 this judgment was transferred to Montgomery County and, on June 10, 2011, a praecipe for writ of execution was filed against Defendant and Progressive Northern Insurance Company ("Progressive") as garnishnee. On October 5, 2012, Feingold filed a "Motion to Allow Participation" before the Honorable Wendy Demchick-Alloy.[2] In that motion, Feingold alleged that "Plaintiff has assigned a portion of his judgment in this matter" to him, specifically, $50,000. To this motion, he attached a document titled "Agreement, Contract and Assignment" to support his position that the Court should "allow his full participation in pursuit of the collection of the judgment assigned to him by" Plaintiff. On December 20, 2012, Judge Demchick-Alloy entered an order denying Feingold's motion specifically stating that he "is not to have any involvement or participation with the litigation of this garnishment action."

On July 19, 2013, Plaintiff filed a praecipe to attach Feingold's verification of "the facts and the law involved in this matter" to its answer to Progressive's motion for summary judgment. Through an order, dated October 2, 2013, the undersigned granted Progressive's motion to strike the verification. On September 9, 2014, Feingold filed a "Petition to Intervene" arguing that he "attempted to participate in these proceedings, as he had been assigned a $50,000.00 portion of the judgment proceeds by [Plaintiff] representing fees owed by [Plaintiff] for work performed by petitioner in other matters." Feingold attached the same "Agreement, Contract and Assignment" that he did in his October 5, 2012 motion before Judge Demchick-

---

Feingold was suspended by the Pennsylvania Supreme Court for "failing to correct false information given by a [clie]nt during a deposition, instructing an employee in a medical office to falsely say that she could not locate the [...]nt-patient's medical records that had been subpoenaed by opposing counsel, and filing two frivolous lawsuits." [In] August 2006, Feingold was suspended for two years, to run consecutively to the first suspension, for "choking a [judge] pro tem who had entered a ruling that Feingold did not agree with." However on August 22, 2008, Feingold [was] disbarred. *See*, Exhibit C to Progressive Insurance Company's Motion for Protective Order.

[A r]eview of the docket indicates that this case was initially assigned to Judge Wendy Demchick-Alloy, who [pres]ided over it from its inception in 2011 through March 2013 when the case was transferred to the Honorable [Patr]icia Coonahan. The case was then transferred to the undersigned after Judge Coonahan recused herself in June [2014].

A-20

Alloy. Again, Feingold argued that he "is legally entitled to intervene in this litigation to protect his interest in the judgment." After argument on October 29, 2014, the undersigned entered an order stating "[a]ny and all pleadings, petitions, motions or other filings presented to the Court by disbarred lawyer Allen L. Feingold, or on behalf of disbarred lawyer Allen L. Feingold, are hereby stricken."

## ISSUES

Feingold filed the instant appeal on November 4, 2014 and filed a "Concise Statement of Matters Complained of on Appeal" on November 24, 2014. In that statement, Feingold alleged:

(1)    The trial court erred and/or abused its discretion in refusing to permit appellant Feingold to intervene in this garnishment action. Feingold was an interested and aggrieved party and had standing, both legally and factually, to participate in these garnishment proceedings.

(2)    The trial court erred and/or abused its discretion in refusing to allow appellant Feingold to participate in depositions where representatives of Progressive Northern repeatedly sabotaged the depositions of key employees; concealed and destroyed documents; and refused to comport with all reasonable requests for information.

(3)    The trial court erred and/or abused its discretion in allowing Progressive to collaterally attack the judgment in this case, an act of "jurisprudence" which was contrary to all established law and precedent in this Commonwealth.

(4)    The trial court erred and/or abused its discretion in refusing to require Progressive to comply with discovery requests in aid of execution because the trial court evidently did not comprehend that this was not a civil lawsuit; but, rather a proceeding involving the execution upon a judgment, the validity of which was immune from attack.

(5)    The trial court erred and/or abused its discretion in granting "judgment" to Progressive as such is impossible under the procedural circumstances of this proceeding and again reflects the trial court's inability to comprehend the nature of this proceeding.

(6)    The trial court has displayed a fixed bias and incompetency throughout the course of the present proceedings such that appellant Feingold has been deprived of his constitutionally guaranteed rights as a citizen of the United States as enshrined in the Constitutions of the United States and the Commonwealth of Pennsylvania to the due process of law, the equal protection of law and the protection of his guaranteed, legal property interest in the judgment at the heart of this garnishment action.

A-21

## ANALYSIS

Feingold first argues that this Court erred and/or abused its discretion in refusing to permit him to intervene in this garnishment action. On September 9, 2014, Feingold filed a "Petition to Intervene" before the undersigned; however, on October 5, 2012, he filed a similar "Motion to Allow Participation" before the Honorable Wendy Demchick-Alloy. Not only did the September 2014 "Petition to Intervene" contain the same reasons (as the October 2012 petition) to allow him to proceed in this garnishment action but it contained identical documentation (as the October 2012 petition) to support its reasoning. In response to the October 5, 2012 "Motion to Allow Participation," Judge Demchick-Alloy entered an order, on December 20, 2012, denying Feingold's motion specifically stating that he "is not to have any involvement or participation with the litigation of this garnishment action."

One of the distinct rules that are encompassed within the "law of the case" doctrine is the coordinate jurisdiction rule. *Zane v. Friends Hosp.*, 836 A.2d 25, 29 (Pa. 2003). The coordinate jurisdiction rule commands that upon transfer of a matter between trial judges of coordinate jurisdiction, a transferee trial judge may not alter resolution of a legal question previously decided by a transferor trial judge. *Id.* More simply stated, judges of coordinate jurisdiction should not overrule each other's decisions. *Id.* "The law of the case doctrine refers to a family of rules which embody the concept that a court involved in the later phases of a litigated matter should not reopen questions decided by another judge of that same court or by a higher court in the earlier phases of the matter." *Clearwater Concrete & Masonry, Inc. v. West Philadelphia Financial Services Institution*, 18 A.3d 1213, 1216 (Pa. Super. 2011) citing *Commonwealth v. King*, 999 A.2d 598, 600 (Pa. Super. 2010.) "A trial judge may always revisit his own prior pre-trial rulings in a case without running afoul of the law of the case doctrine; by its terms, the doctrine only prevents a second judge from revisiting the decision of a previous judge of coordinate jurisdiction or of an appellate court in the same case." *Clearwater* at 1216 citing *Commonwealth v. Starr*, 664 A.2d 1326, 1331 (Pa. 1995).[3] As it is this Court's opinion that we cannot re-litigate the December 20, 2012 Order of Judge Demchick-Alloy, there was no error in refusing to permit Feingold from intervening in this case.

---

Plaintiff's counsel attached a statement to Feingold's "Petition to Intervene" in which he concedes that the undersigned "cannot overrule Judge Alloy, a judge of equal jurisdiction."

A-77

Next, Feingold contends that the trial court erred and/or abused its discretion in refusing to allow him to participate in depositions. A review of the case indicates that the undersigned has only entered two orders regarding Feingold: the October 2, 2013 order striking his verification and the October 29, 2014 order denying his petition to intervene. At no time did the undersigned enter an order prohibiting him from participating in depositions. We believe that Feingold may be attempting to appeal Judge Demchick-Alloy's January 18, 2012 order that prohibited him from being present during depositions. If this is correct, then Feingold is directed to file an appeal with Judge Demchick-Alloy so that she can address this issue.

Feingold next maintains that the trial court erred and/or abused its discretion in allowing Progressive to collaterally attack the judgment in this case. First, this argument is outside the scope of the present appeal and, consequently, should be waived. Additionally, this argument addresses the merit of the case, which may be proper for Plaintiff's attorney but is not proper for Feingold, considering Judge Demchick-Alloy's December 20, 2012 order and his status as a disbarred attorney.[4]

Feingold next alleges that trial court erred and/or abused its discretion in refusing to require Progressive to comply with discovery requests in aid of execution. The present order on appeal is the denial of Feingold's "Petition to Intervene." Again, this argument is outside the scope of the present appeal and should be waived.

Feingold next claims that the trial court erred and/or abused its discretion in granting "judgment" to Progressive. On November 4, 2014, the undersigned entered an order granting Progressive's motion to dismiss. The order further stated "[j]udgment is hereby entered in favor of Progressive Northern Insurance Company." However, this November 4, 2014 order, entered *after* the October 29, 2014 order, is not the current order on appeal. Consequently, this argument is outside the scope of the present appeal and should be waived.

Finally, Feingold argues that the trial court has displayed a fixed bias and incompetency throughout the course of the present proceedings that have caused a deprivation of his constitutional rights, including violations of his due process and equal protection rights as well as his legal property interest in the judgment. As stated above, the undersigned has only entered

---

[4] As a disbarred attorney, Feingold is required to follow Pennsylvania Rules of Disciplinary Enforcement 217(4), which states, in pertinent part, "a formerly admitted attorney is specifically prohibited from engaging in any of the following activities: (iii) performing any law-related services for any client who in the past was represented by the formerly admitted attorney."

A-90

two orders that pertain to Feingold. In his "Petition for Reconsideration to Proceed In Forma Pauperis," which was ultimately granted by the Honorable Bernard Moore, Feingold argued that the undersigned has displayed prejudice against Feingold by describing him as a "disbarred lawyer" in the October 29, 2014 Order. First, Feingold was disbarred, on August 22, 2008, and therefore describing him as a "disbarred lawyer" is accurate. Second, the October 29, 2014 order was submitted by Progressive who, the undersigned can only imagine, included such language after Feingold attempted to sign-in as Plaintiff's counsel in a previous proceeding, after he was disbarred. *See*, Notes of Testimony, 9/14/12, pp. 8-9. Although Feingold attempts to argue that "the only reason his petition [to intervene] was turned down was" because of the undersigned's "extreme prejudice," there is no evidence to support this false allegation. With regard to the alleged "incompetency" of the Court, it is evident that the law of the case doctrine/coordinate jurisdiction rule applies to this case. Consequently, the undersigned was required to uphold the December 20, 2012 Order of Judge Demchick-Alloy and refuse to allow Feingold to intervene in this action.

## CONCLUSION

For the reasons set forth above, we respectfully submit that this Court's Order entered on October 29, 2014 be affirmed.

BY THE COURT:

KELLY C. WALL, J.

pies of this Opinion mailed January 5, 2015 to:
iott Tolan, Esquire for Plaintiff
vid R. Friedman, Esquire for Defendant
en L. Feingold
rates Vassiliadis
rt Administration

etary

A-28