J-S41015-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| CARTER LUMBER COMPANY, INC. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LINDA S. BALES, TRUSTEE OF THE | : | No. 180 MDA 2019 |
| LINDA S. BALES LIVING TRUST | : | |
| DATED NOVEMBER 20, 2008, AND | : | |
| ANY AMENDMENTS THERETO, OF | : | |
| THE COMMONWEALTH OF | : | |
| PENNSYLVANIA | | |

Appeal from the Order Entered January 8, 2019
In the Court of Common Pleas of Cumberland County Civil Division at
No(s):  2018-02732

BEFORE:   LAZARUS, J., MURRAY, J., and STRASSBURGER*, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED AUGUST 12, 2019**

Carter Lumber Company, Inc. ("Carter") appeals from the order granting Linda S. Bales' ("Bales") preliminary objections, and striking Carter's mechanics' lien claim pursuant to the Mechanics' Lien Law of 1963 ("Mechanics' Lien Law").[1]  After careful review, we affirm.

On March 21, 2017, Bales entered into an agreement of sale with Home Designs Unlimited ("Home Designs") to purchase a residential property located at 14 Peyton Drive, Carlisle, Pennsylvania ("Property").   Bales

_____

[1] Act of August 24, 1963, P.L 1175, No. 497, as amended 49 P.S. § 1101-1902.

_____

*   Retired Senior Judge assigned to the Superior Court.

requested modifications to the home's original specifications and contracted with Home Designs for those modifications. Home Designs subsequently contracted with Carter to perform a portion of those modifications.

It is undisputed that Bales and Carter never entered into any contract, whereas Home Designs and Carter entered into three separate contracts. Carter prepared all three of those contracts, which identify Home Designs as the general contractor and Carter as the subcontractor.

Prior to settlement on the Property between Home Designs and Bales, Home Designs and its individual owners entered into a promissory note in which they agreed to pay Carter the sum of $756,697.04 arising from multiple jobs Carter had performed for Home Designs. A small portion of that debt represented the amount associated with work performed on the Property and included in Carter's mechanics' lien claim.

Closing on the sale of the Property to Bales took place on October 27, 2017, at which time Bales made full purchase payment to Home Designs. Prior to and immediately following the transfer of the Property, Home Designs timely remitted its scheduled payments to Carter under the note. However, Home Designs defaulted on its payment to Carter in December 2017 and subsequently filed for bankruptcy.

As a result of Home Designs' default on its obligation to Carter, on January 16, 2018, Carter served Bales with a notice of intent to file a mechanics' lien claim, and subsequently filed the claim on March 6, 2018.

Bales filed preliminary objections,[2] which were granted, and Carter's mechanics' lien was stricken by the court on January 7, 2019.

Carter filed a timely notice of appeal to this Court on February 1, 2019, followed by a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. On appeal, Carter claims the trial court erred in holding Carter to be a subcontractor pursuant to section 1201(5) of the Mechanics' Lien Law. *See* Appellant's Brief, at 5.

Our scope and standard of review of a challenge to an order sustaining preliminary objections is well-settled:

> In determining whether the trial court properly sustained preliminary objections, [this Court] must examine the averments in the complaint, together with the documents and exhibits attached thereto, in order to evaluate the sufficiency of the facts averred. The impetus of our inquiry is to determine the legal sufficiency of the complaint and whether the pleading would permit recovery if ultimately proven. This Court will reverse the trial court's decision regarding preliminary objections only where there has been an error of law or abuse of discretion. When sustaining the trial court's ruling will result in the denial of a claim or a dismissal of suit, preliminary objections will be sustained only where the case is free and clear of doubt.

*Clemleddy Construction Inc. v. Yorston*, 810 A.2d 693, 696 (Pa. Super. 2002); *see also Wetzel-Applewood Joint Venture v. 801 Mkt. St. Assocs., LP*, 878 A.2d 889, 892 (Pa. Super. 2005).

---

[2] Section 1505 of the Mechanics' Lien Law provides: "Any party may preliminarily object to a claim upon a showing of exemption or immunity of the property from the lien, or for lack of conformity with this act." 49 P.S. § 1505.

The Mechanics' Lien Law was intended to protect the prepayment labor and materials that a contractor invests in another's property, by allowing the contractor to obtain a lien against the property involved. *Matternas v. Stehman*, 642 A.2d 1120, 1124 (Pa. Super. 1994). *See generally* 20 Standard Pennsylvania Practice 2d § 105. The Mechanics' Lien Law is to be construed strictly, as it is a special remedy for a unique group of creditors in derogation of common law. *See Yellow Run Coal Co. v. Yellow Run Energy Co.*, 420 A.2d 690, 692 (Pa. Super. 1980).

A party may object to a mechanics' lien if there is an exemption or immunity of the property, or if there is lack of conformity with the act. *See* 49 P.S. § 1505; *see also supra*, n.3. Relevant here, a subcontractor does not have the right to a mechanics' lien where the owner paid the full contract price to the contractor, the property is the owner's residence, and the property is intended for living purposes. 49 P.S. § 1301(b). A property is also exempt from a mechanics' lien if the property was conveyed in good faith for a valuable consideration prior to the filing of the mechanics' lien claim. 49 P.S. § 1303(c).

Here, the trial court concluded that Carter was a subcontractor and, thus, does not have a right to a mechanics' lien pursuant to section 1301(b) of the act. Carter disputes this finding, arguing that Home Designs, and not Bales, was the legal owner of the property at the time all of the relevant contracts were executed. As such, Carter argues that it was not a

subcontractor, but rather a contractor employed directly by the owner. Thus, Carter asserts the subcontractor exception under section 1301(b) does not apply, and the trial court erred in sustaining Bales' preliminary objections. We disagree.

Under the Mechanics' Lien Law, an owner is defined as "an owner in fee, a tenant for life or years <u>or one having any other estate in or title to property</u>." 49 P.S. § 1201(3) (emphasis added). A contractor is one who, by contract with the owner, express or implied, "erects, constructs, alters or repairs an improvement or any part thereof or furnishes labor, skill or superintendence thereto." 49 P.S. § 1201(4). A subcontractor is one who, by contract with the contractor, or pursuant to a contract with a subcontractor in direct privity of a contract with a contractor, express or implied, "erects, constructs, alters or repairs an improvement or any part thereof." 49 P.S. § 1201(5).

Here, Bales signed an agreement of sale to purchase the property on March 21, 2017.

> From the moment an agreement of sale of real estate is executed and delivered it vests in the grantee what is known as an equitable title to the real estate. **See** Ladner on Conveyancing in Pennsylvania, § 5:26 (3d ed. 1961). Thereupon the vendor is considered as a trustee of the real estate for the purchaser and the latter becomes a trustee of the balance of the purchase money for the seller. **Kerr v. Day**, 14 Pa. 112 (1850). Hence, if the terms of the agreement are violated by the vendor, the vendee may go into a court of equity seeking to enforce the contract and to compel specific performance. **Borie v. Satterthwaite**, [] 37 A. 102 ([Pa.] 1897); and **Agnew v. Southern Ave. Land Co.**, [] 53 A. 752 ([Pa.] 1902).

**Payne v. Clark**, 187 A.2d 769, 770–71 (Pa. 1963).

Accordingly, at the moment she signed the agreement of sale on March 21, 2017, Bales was vested with equitable ownership of the Property. As one possessing "any other estate in or title to [the] property," Bales thus became the "owner" of the Property for purposes of section 1201(3) as of that date. Thereafter, Bales contracted exclusively with Home Designs, which in turn subcontracted exclusively with Carter. The latter agreements—prepared by Carter—named Home Designs as the general contractor and Carter as the subcontractor. Bales paid Home Designs the full contract price, the Property is Bales' home, and it is intended for living purposes. Therefore, Carter is a subcontractor whose claim is subject to the exemption under section 1301(b).

Even if Home Designs were classified as the owner, and Carter as the contractor, Carter's claim would still be exempt pursuant to section 1303(c). Section 1303(c) exempts a property from a mechanics' lien if the property was "conveyed in good faith for a valuable consideration prior to the filing of a claim for alterations or repairs." 49 P.S. § 1303(c). Here, Home Designs conveyed the Property to Bales in good faith on October 27, 2017. Carter did not file notice of his intent to file its mechanics' lien claim until January 16, 2018, almost three months after the conveyance to Bales. Accordingly, even if Carter were the contractor, it lost the right to assert a mechanics' lien when Home Designs conveyed the Property to Bales. We conclude, therefore, that the record support the trial court's decision, and we find no error of law or abuse of discretion in the order granting Bales' preliminary objections and striking Carter's mechanics' lien. *Clemleddy*, *supra*.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>08/12/2019</u>